STONE v. CITY OF WAUKEGAN et al.

(Circuit Court of Appeals, Seventh Circuit. April 15, 1913.)

No. 1,851.

1. BOUNDARIES (§ 20*)—DESCRIPTION—FEE IN STREET—"BOUNDS."

Where land in controversy was platted by a common-law plat filed after the passage of Act Ill. 1845 (Rev. St. 1845, c. 25) § 18, providing that the precise length of each lot, and the width, corners, boundary, and extent of all streets and alleys shall be stated on the map or plat, but the plat in question did not give the dimensions of many of the lots, nor the width of a street shown thereon, a conveyance describing the property as all that part of fractional S. W. ¼ of fractional section 22 in township 45 N. of range 12 E. of the twelfth principal meridian, which lies east of the east bounds of blocks numbered 1, 2, 3, 4, and 5 of Sunderlin's second addition to the town of Waukegan, conveyed the fee to the center of the street on the east of such blocks, the word "bounds" meaning the external or limiting line either real or imaginary of any object or space, that which limits or circumscribes, an external or limiting line.

[Ed. Note.—For other cases, see Boundaries, Cent. Dig. §§ 123–130, 132; Dec. Dig. § 20.*

For other definitions, see Words and Phrases, vol. 1, pp. 851–852.]

2. EMINENT DOMAIN (§ 153*) — CONDEMNATION — RIGHT TO DAMAGES — PURCHASER OF PROPERTY.

Where a corporation having the power of eminent domain has taken actual possession of land necessary for its corporate purposes, whether with or without the consent of the owner, a subsequent vendee takes the land subject to the easement, and the right to payment from the corporation if it entered by virtue of an agreement to pay, or to damages if the entry was unauthorized, belongs to the owner at the time the corporation took possession.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 407–416; Dec. Dig. § 153.*]

Appeal from the Circuit Court of the United States for the Northern District of Illinois; Christian C. Kohlsaat, Judge.

Bill by John Stone against the City of Waukegan and others. Judgment for defendants, and complainant appeals. Affirmed.

John L. Bolen and Eugene Stewart, both of Chicago, Ill. (Park Phipps, of Chicago, Ill., of counsel), for appellant.

Arthur Bulkley, of Waukegan, Ill., and Kemper K. Knapp, Robert W. Campbell, and John R. Cochran, all of Chicago, Ill., for appellees.

---

Before BAKER, Circuit Judge, and ANDERSON and CARPEN-TER, District Judges.

ANDERSON, District Judge. The appellant filed his bill against the city of Waukegan and others to quiet his title to a one-tenth interest in three small tracts of land which in the hearing before the master and subsequently in the record are designated as "Stone lands Nos. 1, 2, and 3." The court found for the city of Waukegan as to tracts 1 and 2, and for the appellant as to tract 3.

[1] The city claims title to the lands in question through deeds from John F. Powell, and Powell derived his title through two separate deeds from the heirs of Elmsley Sunderlin. This case turns upon the construction to be put upon the descriptive portions of these deeds. One of the deeds, that from William E. Sunderlin and wife to Powell, described the land therein conveyed as follows:

"All the right, title, interest, claim and demand which the said party of the first part have in and to the following described lots, or parcels of land situate, lying and being in the county of Lake and state of Illinois, to wit:

"Lot numbered five (5) in block number three (3) in Sunderlin's second addition to the town of Little Fort (now city of Waukegan). And also all that part of the fractional south west quarter of fractional section number twenty-two in township forty-five (45) north of range twelve east of the third principal meridian which lies east of the east bounds of blocks numbered one (1) and two (2) and three (3) and four (4) of Sunderlin's second addition to the town of Little Fort (now city of Waukegan)."

The other deed, that from Wallis S. Buell and wife, the owner of the remaining interest, to Powell, described the land therein conveyed as follows:

"All the right, title, interest, claim and demand which the said party of the first part had in and to the following described lot or parcel of land situate, lying and being in the county of Lake and state of Illinois, to wit:

"All that part of the fractional south west quarter of fractional section number twenty-two in township forty-five (45) north of range twelve east of the third principal meridian which lies east of the east bounds of blocks numbered one (1) and two (2) and (3) and (4) of Sunderlin's second addition to the town of Little Fort (now city of Waukegan)."

The question for determination is, Did the deeds from Sunderlin and Buell to Powell convey title to the above-mentioned tracts 1, 2, and 3? If they did, the decree below is right.

The appellant in his brief puts it thus:

"The deeds from the heirs of Elmsley Sunderlin to John F. Powell conveyed to him the lands 'lying east of the east bounds of blocks one, and two, and three, and four of Sunderlin's second addition,' etc., and did not include the three parcels of land, each 125 links or 82½ feet in width, lying due east from the extremities of the streets shown on the plat of said Sunderlin's second addition and bounded on their north and south sides by the north and south boundary lines of said blocks extended east to Lake Michigan. This proposition states the whole of appellant's case before this court. Into it all assignments of error amalgamate."

The record contains a blueprint of the plat of Elmsley Sunderlin's second addition to the town of Little Fort, now city of Waukegan. The plat shows five blocks numbered 1, 2, 3, 4, and 5. Block No. 1 lies at the north end of the plat; No. 2 lies immediately south of No.

1; No. 3 immediately south of No. 2; No. 4 immediately south of No. 3; and No. 5 immediately south of No. 4. Clay street runs east and west between blocks 1 and 2. Madison street runs east and west between blocks 2 and 3. Washington street runs east and west between blocks 3 and 4. And South Water street runs between blocks 4 and 5. The tracts in question are in the strip of land lying between the east side of this addition and the shores of Lake Michigan. Tract No. 1 is the ground which would be covered by Clay street extended east to the lake, and tract 2 is that which would be covered by Madison street extended east to the lake.

The question as to these tracts is to be determined by what are the east bounds of blocks 1, 2, 3, and 4. Appellant contends that the east bounds of block 1 extend from the north line of said plat to the north side of Clay street; that the east bounds of block 2 extend from the south side of Clay street to the north side of Madison street; and that the east bounds of block 3 extend from the south side of Madison street to the north side of Washington street.

The appellee's contention is that block 1 extends south to the center of Clay street; that block 2 extends from the center of Clay street to the center of Madison street; and block 3 from the center of Madison street to the center of Washington street. In other words, that the east bounds of blocks 1, 2, 3, and 4 make a continuous line from the north line of block 1 to the center of South Water street.

We think the appellee's contention is correct. The court below properly held that the plat of Sunderlin's second addition was not a statutory, but a common-law, plat. This plat was made in 1847. At that time the act of 1845 (Rev. St. 1845, c. 25, § 18) was in effect, which required the precise length and width of each lot, and the widths, corners, boundaries, and extent of all streets and alleys to be stated on the plat or map. In the plat in question neither the dimensions of many of the lots, nor the width of Water street are shown.

The Supreme Court of Illinois in Wilder v. Aurora, etc., Traction Company, 216 Ill. 493, 512, 75 N. E. 194, 200, said:

"A conveyance of property abutting upon a street shown upon a plat not sufficient to constitute a statutory dedication carries with it the fee of the soil to the center of the street, although the property is conveyed by lot or block number only, unless the title to the street is expressly reserved to the grantor or excluded from the grant."

And in Thomsen v. McCormick, 136 Ill. 135, 26 N. E. 373, the same court said:

"There was, however, a good common-law dedication of Snider street, and such being the case the fee remained in Smith, the original proprietor, burdened with an easement in favor of the public; and when, on November 27, 1863, the heirs and devisees of Smith sold and conveyed blocks 12 and 13, and comprising the lands on both sides of the street, to Samuel J. Walker, the grant and conveyance of the abutting premises carried, by operation of law, the fee of the street or title to the land on which it was located, subject, however, to the public easement, to said Walker, and the fee or title continued to pass, as part and parcel of each respective grant, with the several grants of the abutting premises, until it finally vested in Henry H. Walker, but still burdened with the easement; and when, in 1869, the street was vacated by

the public authorities, the title was freed from the incumbrance of the easement."

These authorities demonstrate that in Illinois, in a common-law plat, such as the one in question, lots or blocks abutting upon streets extend to the center of the streets. Webster's International Dictionary defines the word bound as "the external or limiting line, either real or imaginary, of any object or space; * * * limit; confine; extent; boundary." The definition given in the Century Dictionary is "that which limits or circumscribes; an external or limiting line." The external or limiting lines of a block—that is, its bounds—necessarily extend as far as the block itself, and as the blocks in the addition in question extend to the center of the streets mentioned, the east bounds of blocks 1, 2, 3, and 4 make one continuous line. It follows that the deed from the Sunderlin heirs to Powell conveyed all of the real estate lying east of that continuous line and included the tracts in question. The court below held that the appellant Stone was the owner in fee simple of an undivided one-tenth interest in tract 3, but that the right, title, and interest of the appellant shall be subject to the right of the city of Waukegan to maintain and operate its sewer system, which had been located upon and put in operation through the said land in 1891 or 1892, about 11 or 12 years prior to the deed by which appellant obtained his title.

[2] It is well settled that where a corporation, having the power of eminent domain, has entered into actual possession of land necessary for its corporate purposes, whether with or without the consent of the owner of such lands, a subsequent vendee of the latter takes the land subject to the burden of the easement, and the right to payment from the corporation, if it entered by virtue of an agreement to pay, or to damages, if the entry was unauthorized, belongs to the owner at the time the corporation took possession. Roberts v. Northern Pacific R. Co., 158 U. S. 1, 15 Sup. Ct. 756, 39 L. Ed. 873; Galt v. Chicago & N. W. Ry. Co., 157 Ill. 125, 41 N. E. 643; Chicago & Eastern Ill. R. Co. v. Loeb, 118 Ill. 203, 8 N. E. 460, 59 Am. Rep. 341.

It results that the injury was one to be complained of by the appellant's predecessors in title, and that any right of action for trespass or otherwise on account of the location and maintenance of the sewer system was not transferable with the land, and does not inure to the benefit of the appellant.

The decree of the court below is affirmed.