36 LRA 104

THOMAS A. GALT

*v.*

THE CHICAGO AND NORTHWESTERN RAILWAY COMPANY.

*Filed at Ottawa May 15, 1895—Rehearing denied October 16, 1895.*

1. TRESPASS—*possession essential to action—abutting owner not in possession of dedicated street.* An abutting owner does not have such possession of a street, dedicated to the public by a recorded plat, as will support an action of trespass *quare clausum fregit* against a railroad company which enters and lays tracks upon it.

2. SAME—*subsequent grantee of premises cannot maintain action.* A grantee of land cannot maintain an action of trespass *quare clausum fregit* for the construction of a railroad upon the premises before the conveyance, as such cause of action is not assignable and does not pass with the land.

3. In such case it is presumed that the grantee has been compensated in the reduced price at which he purchased the land on account of the permanent location and proximity of the railroad.

4. SAME—*building second railroad track not a new breaking of close.* The construction, between fences one hundred feet apart erected by a railroad company, of a second track parallel with a first, is not a second entry or a new breaking, for which the owner of the premises, who purchased after the construction of the first track, may maintain trespass.

5. The prospective construction of such additional track was an element of the grantor's right of recovery for the original trespass effected by the laying of the first track.

6. PLEADING—*plea of liberum tenementum—new assignment.* A plea of *liberum tenementum*, in an action of trespass *quare clausum fregit*, excludes recovery for the construction of an additional track parallel with the original track, the construction of which latter constituted an original trespass, in the absence of a new assignment that the second track was another and different trespass.

APPEAL from the Circuit Court of Whiteside county; the Hon. JOHN D. CRABTREE, Judge, presiding.

This was an action of trespass *quare clausum fregit,* by appellant, against appellee, in the circuit court of Whiteside county, to recover damages alleged to arise by reason of the entry upon and construction of appellee's railroad in the street along and in front of appellant's

land. The declaration, which contained but one count, alleges "that the defendant, on May 1, 1886, at, etc., and on divers other times between that day and the commencement of this suit, with force and arms, etc., broke and entered the close of the plaintiff, situated in the city of Sterling, in the county of Whiteside, that is to say, a certain close, being all of the north-east fractional quarter north of Rock river, of section 28, and the south-east quarter of section 21, and the south-west quarter of section 22, in township 21, range 7, in said county, lying south of a continuous and the most direct line drawn on and across all of said premises, on the south line of the most southerly row of blocks thereon, in the city of Sterling," etc.

There were set up in defense of the action the following pleas: First, not guilty; second, *liberum tenementum;* third, license from the plaintiff; fourth, Statute of Limitations of five years ; and fifth, license from grantors of plaintiff. Replications: First, *similiter* to first plea; second, the several pleas of (1) *liberum tenementum,* (2) of license from the plaintiff, (3) the Statute of Limitations, and (4) of license from plaintiff's grantors, were specially traversed; and third, a specific denial that the grantor of plaintiff was the owner or had power to grant such license.

A jury were waived, the cause submitted to the court, and a finding and judgment entered for the defendant. Motion for a new trial was overruled, and the plaintiff prosecutes an appeal to this court. Other necessary facts will be found in the opinion.

JOHN G. MANAHAN, for appellant:

The sole remedy of an adjacent lot owner, in a case such as this, is an action of trespass for such acts of invasion of the street as occur within five years of the institution of suit. Dillon on Mun. Corp. sec. 524, note.

Trespass will lie on the part of the original owner, or his assigns, for the occupancy of a dedicated public street by a railroad, even where such occupancy is under grant from the city, as the fee remains in such owner or his assigns, and the railroad is an additional burden. *Railroad Co.* v. *Hartley,* 67 Ill. 439 ; *Stone* v. *Railroad Co.* 68 id. 394.

Plaintiff not only proves possession under his deeds co-extensive with his deeds, (*Brooks* v. *Bruyn,* 18 Ill. 539, *Barber* v. *Trustees,* 51 id. 398,) but title in fee as well.

The first plea of not guilty put in issue merely the possession of the plaintiff and the fact of the alleged trespass. (2 Greenleaf on Evidence, sec. 613.) The second plea, *liberum tenementum,* admits possession in the plaintiff but justifies as owner of the freehold. *Fort Dearborn Lodge* v. *Klein,* 115 Ill. 187.

An adverse right to an easement cannot grow out of a mere permissive enjoyment for any length of time. *Quincy* v. *Jones,* 76 Ill. 244.

Trespass *quare clausum fregit* will lie on the part of the owner of the fee in the street, and plaintiff has *quasi* possession sufficient to maintain the suit. *Railroad Co.* v. *Hartley,* 67 Ill. 440 ; *Pekin* v. *Brereton,* id. 477; *Stone* v. *Railroad Co.* 68 id. 394; *Adams* v. *Railroad Co.* 18 Minn. 260 ; Dillon on Mun. Corp. sec. 524, and cases in note.

Ejectment will not lie, because plaintiff is not entitled to possession of the street as against the public. *Cincinnati* v. *White,* 6 Pet. 431.

WILLIAM BARGE, for appellee:

The gist of the action is the breaking and entering the plaintiff's close. All done after the entry was only aggravation, and is not traversable by plea. *Rucker* v *McNeely,* 4 Blackf. 179; 5 Comyn's Digest, 375 ; *Tyler* v. *Well,* 2 Saund. 74; 1 Sutherland on Damages, 769, and cases cited; 1 Chitty's Pl. (12th Am. ed.) *612; Gould's Pl. chap. 6, part 2, sec. 109.

The plaintiff has sustained no damage, because the alleged injury is of a permanent nature, and was committed before he claimed to own the land.   He had the benefit of any depreciation of the value of the land, caused by the injury, when he purchased it.   *Railroad Co.* v. *Maher,* 91 Ill. 312; *Railroad Co.* v. *Loeb,* 118 id. 203; *Railway Co.* v. *McDougall,* id. 229; *Railroad Co.* v. *Calkins,* 17 Ill. App. 56; *Elgin* v. *Welch,* 16 id. 483; *Chicago* v. *Altgeld,* 33 id. 23; *Navigation Co.* v. *Decker,* 2 Watts, 343; *Turnpike Road* v. *Brosi,* 22 Pa. St. 29; *Tenbrooke* v. *Jahke,* 77 id. 392; *Kutz* v. *McCune,* 22 Wis. 598; *Memmert* v. *McKeen,* 112 Pa. St. 315; *Sargant* v. *Machias,* 65 Me. 591; *Railroad Co.* v. *Allen,* 39 Ill. 205; *Railway Co.* v. *Morgan,* 72 id. 155; *Zimmerman* v. *Canal Co.* 1 W. & S. 346.

All damages, present and prospective, to the owners of lands, resulting or to result from constructing, maintaining and operating a railroad, constitute, as to such land owner, one single, indivisible cause of action.   *Railway Co.* v. *Wachter,* 123 Ill. 445; *Railroad Co.* v. *Loeb,* 118 id. 203.

If to a declaration in trespass containing but one count a justification be pleaded, and the plaintiff reply, he can not introduce testimony relating to any other trespass.   *Carpenter* v. *Craine,* 5 Blackf. 119; *Gale* v. *Dalrymple,* 21 Eng. C. L. 714, note *a*; *Miller* v. *McKee,* 3 Harr. & McH. 398; Gould's Pl. sec. 72, p. 93.

Mr. JUSTICE PHILLIPS delivered the opinion of the court:

The land or close in question, of which appellant became the owner on January 10, 1883, and has since been in possession, is bounded on the north by Front street, (one of the streets of the city of Sterling,) on the south by Rock river, and on the east and west, respectively, by certain other streets in said city.   The right of way of the railroad, to the width of one hundred feet, extends along the entire front of appellant's land, practically

occupying the whole street, which at that place appears to have originally been one hundred feet wide. It appears that the Galena and Chicago Union railway occupied Front street in 1854 and 1855, opposite and in front of the land, made excavations for its road-bed, and constructed a single track along the center line of said street, and continuously used the same for operating its road until 1864, when it became consolidated with appellee, the Chicago and Northwestern Railway Company, which latter company has ever since used said track and right of way. In 1889, some two years before the bringing of this suit, appellee laid another track parallel with the one already on said street, making necessary excavations, etc., and has since used the same for railroad purposes  It seems that switches and side-tracks have also, during its occupation by the railroad company, been placed upon the street. The predecessor of appellee used the track thereon as early as the fall of 1855, and very soon thereafter that portion of Front street, or land to the width of one hundred feet,—fifty feet on each side of the center of the track,—was inclosed by the railroad company with a fence, except at places on the south side where the river rendered a fence impracticable or unnecessary. It is reasonably certain from the evidence that the railroad company was in actual possession of the entire street opposite the land now owned by the plaintiff, as early as 1854, and the same has been continuously used for railroad purposes ever since, without question or objection by abutting owners, the city of Sterling or the public, until the institution of this suit.

The city of Sterling was first incorporated in 1855, although that village was laid out and platted as "Chatham" as early as 1839, and Front street (then River street) and others opened and dedicated to the public use, and have ever since been held and treated as public highways of the municipality. No express license or grant from the local municipal authorities for the location and

construction of the railroad in the street, or permitting the railway company to appropriate the same for a right of way, was shown or appears to have been given. It is not pretended that any compensation was made by the railroad company to the owner of the land for the damages that would ensue by reason of its appropriation of the street for railway purposes or which would be occasioned by the operation of the road. In fact, the condition of the law was such, at that time, that damages sustained by the abutting owner because of the construction and operation of a railroad in the street were not recoverable except in cases of direct or actual physical injury to the land itself, so that its appropriate use and enjoyment by the owner were materially interrupted and its value substantially impaired, (*Rigney* v. *Chicago,* 102 Ill. 64,) and not until the adoption of the constitution of 1870 was redress afforded the abutting land owner for damages of the character here sought to be recovered, to land not taken. Under the provision of the present constitution, damages ensuing by reason of the construction and operation of a railroad along and upon a street, which impair the right of use and enjoyment of adjacent property, may be compensated for and recovered in an action on the case by the owner. (*Rigney* v. *Chicago, supra; Chicago and Western Indiana Railroad Co.* v. *Ayres,* 106 Ill. 511; *Provision Co.* v. *Chicago,* 111 id. 651; *Chicago* v. *McDonough,* 112 id. 85.) This doctrine has no special application, however, to the present case.

The plaintiff brought trespass *quare clausum fregit,* to recover damages to his land by reason of the alleged unauthorized invasion and use by the defendant of the abutting and contiguous street. Counsel for appellant claims that the portion of said premises which is in the exclusive possession of plaintiff was not invaded by the defendant, and that the part actually invaded,—*i. e.,* the public street,—was in the possession of the public, and only subordinately in the possession of the plaintiff; that

is, he has such possession as the law recognizes as being in an owner under the circumstances,—such possession as is not inconsistent with the public easement.

The important question first presented and naturally arising upon this record is, whether the action, for the purposes for which it was brought, may be legally maintained. We are cited to no case, nor, indeed, do we think any can be found, where this action of trespass has been invoked and sanctioned for the recovery of damages of the character here claimed. It is conceded that in respect of the premises in the exclusive possession of the plaintiff there was no invasion or breaking of the close, unless the alleged unauthorized entry upon the street abutting, by the railroad company, can be construed to amount to such breaking. The plaintiff, it may be said, was not in the actual possession of the close, yet, being the owner of the paper title, he was, as against a wrongdoer or third parties not in actual adverse occupancy, in the constructive possession, which is uniformly held to be sufficient, in such cases, to enable the owner to maintain the action. (2 Greenleaf on Evidence, sec. 614, note *a*.) It is not pretended that the plaintiff was the owner or in possession of the premises at the time of the original entry upon and appropriation of the street by the railroad company, and his possession can have relation only to the time when he became owner and to injuries to his possession occurring thereafter, unless, as appears to be supposed, by reason of the acquisition of title he also acceded to the right, if any, to complain of injuries to the close occasioned by the unauthorized original entry of the railroad company upon the street while the grantor of plaintiff was owner and in possession. In other words, this case is predicated upon the theory that in respect of damage to the possession ensuing by reason of the alleged trespass, the plaintiff has the right to maintain *quare clausum fregit* for injuries to the close prior to his acquisition of title or possession.

It is practically undisputed that the railroad company entered upon and constructed its road in Front street, then known as River street, in the years 1854 and 1855, and that the plaintiff never had or claimed possession or ownership of any part of the abutting premises until January 10, 1883, when the land was conveyed to him by deed. The act of trespass or breaking of the close was therefore committed, if at all, long before the plaintiff became the owner of the premises, and while his grantor was in possession as owner.

The action of trespass *quare clausum fregit*, and the principles which govern it, are well established and generally understood. Possession by the plaintiff, either actual or constructive, is indispensable. The foundation of the right to bring the action is the invasion or disturbance of the plaintiff's possession. It matters not that one be not the owner of the paramount or other paper title, for, as against a stranger or wrongdoer having no right of possession in himself or authority from the lawful owner, mere proof of possession by the plaintiff will suffice to support the action. (2 Greenleaf on Evidence, sec. 618.) In *Cook* v. *Foster*, 2 Gilm. 652, this court, in defining the action, among other things said: "The basis of the action is an injury to the possession. No person is entitled to recover damages for the injury but the one who has the actual claim or constructive possession of the land. A party having the actual and lawful possession may maintain the action. The real owner, where there is no adverse possession, can maintain the action, on the principle that the possession in such case follows the ownership. When there is an adverse possession the owner is not allowed to bring this kind of action." The elementary principles here stated have found expression in very many subsequent cases in this court, among which see *Halligan* v. *Chicago and Rock Island Railroad Co.* 15 Ill. 558; *Dean* v. *Comstock*, 32 id. 173; *Winkler* v. *Meister*, 40 id. 349; *Barber* v. *School Trustees*, 51 id. 396;

*McCormick* v. *Huse,* 66 id. 315; *Ft. Dearborn Lodge* v. *Klein,* 115 id. 177. According to Blackstone, possession was, in the eye of the law, esteemed sacred and inviolable, whether the land be set apart and inclosed by a material and visible boundary, as a fence, or by an ideal, invisible one, existing only in contemplation of law. In either case, every unauthorized entry upon the soil of another, or unwarrantable invasion of his peaceable possession, with force, however slight, was a breaking of the close, from which the common law regarded some damage to necessarily ensue, and whatever loss or injury the plaintiff suffered, special or otherwise, his damages by reason thereof were recoverable under this form of action. (3 Blackstone's Com. 209.) It is unnecessary to dwell upon this branch of the inquiry. That the action must be brought by the party whose possession has been disturbed or invaded, is too rudimental and familiar to warrant further discussion.

It is exceedingly difficult to conceive how, on principle, trespass *quare clausum fregit* can be maintained by an abutting owner, where, as here, the alleged entry was upon a public street, regularly platted, laid out and dedicated to the public use. As before said, the street in question, then known as River street, was platted as one of the streets of the village of Chatham in October, 1837, which plat was subsequently recorded, in February, 1839. The village of Chatham was afterwards re-platted as the city of Sterling, the plat duly recorded, and the street in question shown thereon as on the old plat of Chatham, except that its name had been changed to that of Front street,—and so it was at the time the city of Sterling was incorporated, in 1855, and has ever since been treated as one of the streets of that city. The making and recording of the plat were a statutory dedication of the street to the public use. The fee did not remain in the adjacent proprietors, but became at once vested in the municipality, (*City of Quincy* v. *Jones,* 76 Ill. 231; *Zinc Co.* v. *LaSalle,*

117 id. 411; *Maywood Co.* v. *Village of Maywood,* 118 id. 61;) and the possession and right of use of the street were in the public. This being so, it becomes manifest that the entry upon and the occupation of a street by the railroad company did not constitute a breaking of the close which plaintiff subsequently acquired, and the case of *Indianapolis, Bloomington and Western Railway Co.* v. *Hartley,* 67 Ill. 439, and other like cases, where the dedication was one only at common law, the fee in the street remaining in the abutting proprietors, can have no application. It is a misapprehension of counsel to suppose that the street was "subordinately" in the plaintiff's possession.

But, in any event, whether the fee in the street was in the municipality, or in the abutting proprietor, as contended, the injury was one to be complained of by the person who, at the time, was in possession, and he was the party, if any one, who became entitled to recover the damages, once for all, occasioned by the alleged trespass, if any was committed by the railroad company. The entry upon and occupation of the street by the railroad were permanent in character, and appellant, when he purchased, took the land with the street in front of it thus occupied and used, and presumably had the benefit of the consequent depreciation in the price of the land he bought, if it was depreciated by such use of the street. *Penn Mutual Life Ins. Co.* v. *Heiss,* 141 Ill. 35; *Loeb case,* 118 id. 203.

That the cause of action for the trespass is not transferable with the land and does not inure to the benefit of the grantee, even if assigned in writing, has been held by this court in a number of well-considered cases. In *Chicago and Alton Railroad Co.* v. *Maher,* 91 Ill. 312, an action of trespass was brought by the grantee to recover damages to certain dock property. The injury, occasioned by the erection of a bridge pier in the river, was committed while the property was owned by the grantor, and it was contended there, as it is here, that the injury

was a continuing one, for which the grantee might recover damages accruing since she became owner. On the other hand, it was insisted that the injury was permanent, depreciating the price of the land, and that for all damages, past and future, the grantor may have sued and recovered,—that the trespass was on the grantor's land, and the damages, if any, were sustained by him, and that he could not, and did not, assign his cause of action to the grantee by the conveyance of the land. The court there said (p. 315): "We are not aware that any court has ever held that a mere trespass to land, giving a right of action, can be assigned by an instrument in writing for the purpose, or by conveying the land. Such a right of action is not appurtenant to the land, nor does it, like a covenant for title, inhere to or run with the land. It, when accrued, is a personal right, and is not transferable. It then follows that appellee did not acquire the right of action which accrued to her husband by the construction of this protection to the bridge. The action for that wrong was vested in him, and she can recover nothing on account of the placing of the obstruction in front of the dock." And this doctrine was held to apply to, and defeat recovery by the grantee of, damages sustained by the continuance of the obstruction after she became owner. The right of recovery for *all* damages was in her husband, and not susceptible of assignment to her.

It would seem to follow, as a necessary corollary, that if, as we have seen, the right of action in the grantor to bring trespass or trespass on the case for such damages is not transferable to and can not be maintained by his grantee, even where expressly assigned to him, *a fortiori* he would not be entitled to bring trespass *quare clausum fregit.* Trespass on the case is maintainable to recover damages occasioned by an act committed without force, actual or implied, or, having been the result of force, where the injury was not immediate, but consequential, or the matter affected not tangible ; (1 Chitty's Pl. 132;)

while the action of trespass *quare clausum fregit* necessarily involves and implies direct force, and is brought to recover damages thus occasioned by reason of the wrongful invasion and disturbance of the possession of the person at the time in the enjoyment of the close. Ordinarily ,this action is maintainable by the person who is owner of or has property in the soil, or is in actual possession by entry. The right of action is personal to the individual whose possession has been wrongfully invaded or disturbed, and no authority is shown which holds that this right of action can be transferred by conveying the land, or by an instrument of writing executed between the parties for that purpose. So in *Chicago and Eastern Illinois Railroad Co.* v. *Loeb,* 118 Ill. 203, which was an action on the case brought by appellee, grantee of certain lots in Chicago, to recover damages by reason of cinders, ashes, smoke, etc., thrown upon the premises by the operation of appellant's road along and upon the adjacent street, counsel for the defendant submitted at the trial, as a proposition of law to be held by the court, that the plaintiff, having purchased the property after the railroad was built and in operation, was not entitled to maintain the suit, for the reason that the entire cause of action for which he was suing was in his grantor, and that it made no difference whether his grantor had sued for the same or not. This court, after an extended discussion, stated in conclusion, "that as the former owner could have sued and recovered for the depreciation in the value of the property caused by the railroad, the right of action was in him for a recovery of all damages that were or might be caused by the operation of the railroad, and that there is no right of recovery in his alienee, the appellee." The court below rejected the proposition offered, and this was held to be error, and for that reason the judgment was reversed. Among other cases wherein this doctrine has found express approval may be cited *Wabash, St. Louis and Pacific Railway Co.* v. *McDougall,* 118 Ill. 229;

*Toledo, Wabash and Western Railway Co.* v. *Morgan,* 72 id. 155; *Ohio and Mississippi Railway Co.* v. *Wachter,* 123 id. 440; *Penn Mutual Life Ins. Co.* v. *Heiss, supra.*

As observed in the *Wachter case, supra,* this principle can have no application where redress is sought for injuries arising from negligence of construction, or for the careless and willful maintenance or operation of the road, whereby damage is occasioned to adjacent property. In all such cases the owner may unquestionably maintain his action, and the *Wachter case* serves as an appropriate example of that class of cases, and sharply defines the distinction between it and the class of cases within which the present case falls. In the latter class, all special damages, present and prospective, to the owner of the land, which are occasioned or which may be reasonably anticipated to result from the proper construction, maintenance and operation of a railroad in compliance with the laws of this State, "constitute, as to such land owner, one single, indivisible cause of action, which may be enforced under the Eminent Domain act, or any other appropriate form of action." (*Wachter case, supra.*)

But aside from the consideration that the right of action for trespass to land is not susceptible of assignment, so as to enable the assignee or grantee to enforce the same, the decisions of this court recognize and adhere to the doctrine, also, that in cases of this character, where the structure is permanent and the injury therefore continuing, a recovery may be had, once for all, by the owner, for all damages thereby occasioned, and if he sells or conveys the land to another, the latter takes it with its surroundings and at the decreased price. The grantee, in respect of the damages caused by the railroad, having been compensated in the reduced price at which he bought the land, on account of the permanent location and proximity of the railroad in relation to it, would be receiving pay for his damages a second time if his present claim be allowed. *Toledo, Wabash and Western Railway Co.* v. *Mor-*

*gan,* 72 Ill. 155; *Chicago and Eastern Illinois Railroad Co.* v. *Loeb, supra.*

In the case at bar, appellant became the owner of the land long after the street in front of it had been entered upon, occupied for railway purposes and enclosed as a right of way, with a fence, by the railroad company. The breaking of the close, if any was thereby committed, was an injury, not to the possession of appellant, but to that of his grantor, who was then the owner. Such grantor seeing fit not to complain of any trespass by the railroad company, we are unable to perceive any legal principle which renders appellant competent to do so in his stead. Appellant bought the premises with the street along and in front of it occupied and in use by the railroad company as its right of way, and, by reason of the depreciation in the value of the land presumed to have been thereby occasioned, had the advantage of the decreased price. Presumably, at least, the damages, as to him, have been once paid, and to allow him to maintain this or any other action for the same cause would be to pay him such damages twice. The right of action, if any existed, was in the owner, immediately upon the commission of the injury or construction of the road, to recover all damages, past, present and future. (*Loeb case, supra.*) But such owner was silent, and the railroad company had the open, exclusive, visible and notorious possession and use of the street, without interruption, as its right of way, for all purposes connected with the operation of the road, for practically forty years.

While the declaration alleged the time of the commission of the trespass to be May 1, 1886, the evidence was not restricted to, nor was the case tried upon the theory of, any special injury at that particular time, and if it can be said that the construction of a second or double railway track in 1889 was an additional burthen placed upon the street, for which the plaintiff would be entitled to recover his damages thereby occasioned, it can not

avail in this suit.  The railroad company, long anterior
to that time, having been in the exclusive occupation of
the street as and for its right of way, it is too manifest
to admit of serious controversy that the laying of another
track therein could not, in the nature of things, consti-
tute a new or other breaking of the plaintiff's close.  The
*gist* of the action, or the invasion or disturbance of the
plaintiff's possession, was committed, if at all, when the
railroad company entered upon and occupied the street,
and having continued in occupancy, openly, notoriously
and exclusively, ever since,—the extent thereof being evi-
denced by the erection and maintenance of a fence to
inclose its right of way,—it is clear that the construction
of a second track, parallel with the first one, can not be
regarded as amounting to a second entry, or a new and
subsequent breaking of the close in question and invasion
of plaintiff's possession.  The plaintiff, as has been said,
bought the land with the railroad in front of it along and
in the street, with all the *indicia* of permanency and pro-
prietorship by the railroad company incident to a right
of way and the operation of a railroad upon it.  The
most that could be said in respect of this matter, under
the declaration, is, that if it be conceded that there was
a breaking of the close by the original entry upon the
street, the subsequent building of a second track therein
would amount to nothing more than matter of aggrava-
tion, which, by new assignment not attempted in this
case, might be converted into a substantive cause of
action.  (Gould's Pl. 5th ed. secs. 109, 110, pp. 338, 339,
note 14; Chitty's Pl. 627, *et seq.*)  There being, therefore,
no new assignment, and the plea of *liberum tenementum*,
or freehold in the defendant, having been interposed to
the declaration, the effect was to exclude any trespass
other than that committed by the act of the defendant
when it entered upon the street.  The plea of *liberum
tenementum* put in issue the title or ownership in respect
of the particular close or land entered upon, and the tres-

pass by breaking and entering the plaintiff's close, as alleged, in the absence of a new assignment alleging another and different close or another and different trespass, would necessarily relate to the act of the defendant in breaking or entering upon the particular close described, committed at the time such entry was made. And this must be so, as there has been but one entry, under which the railroad company has ever since occupied the street, and it would seem to have committed no new trespass, but only an aggravation of the one already committed by the original entry many years before.

If this be not so, it is a sufficient answer to this contention that the laying of an additional track parallel to the one already laid was not an improbable use which might be made of the right of way, such double or parallel tracks, then as now, being common and usual in the construction and operation of a railroad. Within the one hundred feet in width constituting the right of way, everything essential and convenient to the safe and proper operation of the road might reasonably be expected to be placed, and the laying of an additional track is of such common occurrence and experience as to have been fairly anticipated and considered in the estimation of damages to which the owner of the land would have been entitled. This being, therefore, an element tending to enhance the damages which the grantor of appellant would have been entitled to recover by reason of the entry upon and occupation of the street by the railroad company, had he brought an action for that purpose, it follows, necessarily, within the doctrine of the *Maher* and other cases *supra*, that appellant would not be entitled to maintain an action to recover such damages, whether his grantor did so or not. Damages of this character were prospectively recoverable by the grantor. The laying of an additional track constituted an element as natural and probable on which to predicate prospective damages, as ordinarily exists in those cases where such

damages are allowable. The damages likely to flow from the entry upon and occupation of the street by the railroad company must be presumed to have been anticipated, and they, together with all other damages directly ensuing, constituted an entirety, for which a recovery, once for all, might be had, (1 Sutherland on Damages, sec. 116,) and it is as fair to presume that appellant received the benefit of such entry and occupation in the reduced price of the land, as of any other element of damage entering into the calculation.

It is unnecessary to further prolong the discussion by a consideration of other points made, as they are practically disposed of by what has been said. We are satisfied that the action brought by appellant is not maintainable, and the judgment of the circuit court will be affirmed.

*Judgment affirmed.*

Mr. JUSTICE MAGRUDER, dissenting.

*Filed at Ottawa May 15, 1895—Rehearing denied October 16, 1895.*