## LONG v. CITY OF TULSA.

No. 32763.    May 6, 1947.

Rehearing Denied Sept. 30, 1947.

*184 P. 2d 800.*

A. M. Covington, of Tulsa, and Looney, Watts, Fenton & Eberle, of Oklahoma City, for plaintiff in error.

Chas. R. Bostick, Remington Rogers, and A. M. Widdows, all of Tulsa, for defendant in error.

RILEY, J.   Henry Long, plaintiff below, appeals from a judgment in favor of the city of Tulsa denying to plaintiff recovery of damages and equitable

relief alleged to have resulted from the construction of a lateral sanitary sewer along the length of plaintiff's lot.

Plaintiff's property is described as lot 7, block 1, Sunrise Terrace Third addition to the city of Tulsa. Plaintiff acquired the lot by purchase in the year 1945.

Theretofore, in the year 1928, as a part of a sewer district regularly created by city ordinance, the sewer was laid beneath the surface the entire length and breadth of the lot. A manhole was placed at the juncture and located within an easement area of 7½ feet at the rear of the lot. The easement area, as shown by the plat, did not extend the length of the lot.

Vitrified clay pipe was used in the construction of the sewer, and while, as provided by ordinance, sewers within the city area may be constructed of clay pipe, the same ordinance (Title 25, sec. 37, Rev. Ordinances, City of Tulsa, 1945) restricts the construction of a new building over a sewer constructed of clay pipe, but the ordinance provides for replacement of such clay pipe by cast iron pipe in contemplation of construction over such a sewer.

The sewer as laterally constructed across the lot was without acquisition of right of way by grant or condemnation. The record is silent as to a permissive use of the land by the owner at the time the sewer was laid.

Approximately 17 years after construction of the sewer and in the year following plaintiff's acquisition of the land by purchase and title to the lot by warranty deed, plaintiff commenced the erection of a building on the lot. Plaintiff then, for the first time, ascertained location of the lateral sewer and its construction.

Under the restrictions of the city ordinance, plaintiff's construction over the vitrified clay pipe lateral sewer was delayed and prohibited pending compliance with the requirements of the ordinance.

Plaintiff did not himself elect to make the change to cast iron pipe as required by the ordinance, but commenced this action for damages and sought equitable relief in connection therewith as against the city.

The trial court, at the conclusion of plaintiff's case, overruled defendant's demurrer to the evidence but took the case under advisement. Thereafter, the trial court, finding that plaintiff was not entitled to recover, rendered judgment for the defendant city. Plaintiff appeals.

The journal entry of judgment recites that the sewer as constructed was a permanent structure and was not abatable; that damages arising from the construction of the sewer occurred and the cause of action for damages accrued in the year 1928, and therefore any cause of action for damages as against the city was barred by the statute of limitations.

For reversal it is contended that the ordinance restricting the construction as sought to be made has no application to plaintiff's use of his property because of the invalidity of the city's ordinance annexing the addition to the city of Tulsa.

This contention is contrary to plaintiff's pleadings and the stipulations entered into by him. Plaintiff, in his petition, pleaded that the lot was located in the city. The plaintiff sought equitable relief as against the city, based upon the theory that the lot was located within the city limits. Plaintiff is bound by his pleadings and it is well settled that such a change of theory may not be made on appeal.

It is next urged that the city is without right to rely upon the statute of limitations against plaintiff, a subsequent purchaser of the property. We find no merit in this contention.

Without doubt, the owner of the property at the time the sewer was constructed had right of action against the city for an appropriation of right of way along the lateral length of the lot since

it is agreed by stipulation that the right of way was not acquired by grant or condemnation.

It is not established that the appropriation was not then known to plaintiff's predecessor in title to the lot. It is stipulated that the then owner paid his proportionate share of the cost of sewer construction. Plaintiff originally joined his grantors as parties defendant, but he has dismissed as to them, without prejudice.

Records in the city engineer's office disclose the lateral sewer line as extending the entire length of the lot.

In St. Louis & S.F.R. Co. v. Stephenson, 43 Okla. 676, 144 P. 387, L.R.A. 1916E, 966, where by reason of the construction of an embankment, permanent in character, damages were sought by plaintiff who had subsequently acquired title to the land and claimed damages by reason of the "continuous injury", the view was expressed that an appropriation of land, in the absence of a grant or condemnation, while affording a cause of action to the owner at the time of the appropriation, nevertheless "a subsequent purchaser cannot maintain an action . . . for the use and occupation of the right of way . . .". Such is the general rule.

Authority relied on in the cited case states the rule that:

"The trespass . . . vested a right of action immediately upon construction . . . plaintiff, who stands in the position of a subsequent grantee of the land, could not therefore maintain his present suit for damages . . . if the owner of the land, at the time of the construction . . . does not complain of the damage done to the land, his grantee certainly cannot."

No authority is cited to show a cause of action for trespass to land is obtained by conveyance of the land. The statute, Title 60, O.S. 1941 §313, contemplates that a thing in action, arising out of the violation of a right of property, may be transferred. Nevertheless, the cause of action is personal property and is not conveyed by the ordinary warranty deed to land.

We have avoided expression of rules governing a right of action based on a covenant for title as originally joined by plaintiff but dismissed by plaintiff as against his grantors, without prejudice. The exact question presented is whether plaintiff may recover damages sustained by the existence and continuance of the permanent structure. That question is dependent upon the issue as to whether this is the character of injury for which one recovery might have been had against the city for all damages, past, present, and future, arising from the injury to the land. That the structure is permanent seems to be apparent. No objection is made as against that finding of fact by the trial court. That materials of the structure may be renewed or replaced, as necessity may require, does not destroy its permanent character. Robinett, the owner in 1928, at that time might have sued and recovered for all damages which were sustained by the property, whether at that time or in the future. That he could have sued and recovered for the depreciation in the value of the property reveals that the right of action was in him, and as the right of action has not been transferred to plaintiff, no right of recovery was vested in plaintiff as against the city for its trespass upon the lot or an appropriation of the right of way. The conveyance by which plaintiff acquired title to the lot related to real, and not personal, property. The deed did not convey the right considered.

"The breaking of the close," says the Illinois court, Galt v. C. & N. W. R. R. Co., 157 Ill. 125, 41 N.E. 643, " if any was thereby committed, was an injury not to the possession of the appellant, but that of his grantor, who was then the owner."

The appellant bought the premises as it existed, or as warranted by his grantors; the purchase price paid is presumed to have been fixed in an amount in re-

lation to the depreciation in the value of the lot caused by the use of the land for the permanent structure. Id.

In North Carolina, it is held, Drake v. Howell, 133 N. C. 162, 45 S.E. 539:

"A covenant of title to land after defendants had committed the alleged trespass, would not pass the right to the damages claimed by plaintiff; such damages are personal to the owner of the property, and do not pass to his grantees."

City of Mangum v. Sun Set Field, 73 Okla. 11, 174 P. 501, states the rule of law limiting recovery to one action therefor by the owner of the land at the time the cause of action accrued. The subject matter dealt with was a sewer, built as a permanent structure.

In City of Tulsa v. Grier, 114 Okla. 93, 243 P. 753, it was held:

"The bar of the statute of limitations is set in motion to a cause of action for damages to, or trespass upon, real property caused by the construction of an improvement, when the injury occurs".

But as plaintiff did not, by virtue of the conveyance of the lot to him, succeed to whatever right of action the prior owner, Robinett, may have had, the question of whether the prior owner's cause of action was barred by the statute of limitations, or whether the city acquired an easement by prescriptive right, may be immaterial insofar as plaintiff's recovery of damages against the city is concerned.

It is the general rule that "after the prescriptive period has run, the right to recover compensation is lost". 18 Am. Jur. §394. The same rule, moreover, is applied to those not made parties to condemnation proceedings and the rule is extended as shown by the same text so that such persons are not only barred from damages, but likewise in such cases they are barred from equitable relief.

In Rogers v. Oklahoma City, 190 Okla. 78, 120 P. 2d 997, we recognized Consolidated Gas Service Co. v. Tyler, 178 Okla. 325, 63 P. 2d 88, as an exception to the general rule. The Gas Company, in the cited case, recognized the subsequent purchaser's right and interest in the lot and commenced the proceedings against him to condemn right of way, thus giving rise to the exception. It is indicated there that the gas line was secretly laid, but whether it was a permanent structure does not appear.

The Rogers Case against Oklahoma City, supra, applies the general rule restricting recovery in such cases to the owner of the land at the time of the trespass, seizure, or appropriation of the land.

Affirmed.

HURST, C.J., DAVISON, V.C.J., and OSBORN, BAYLESS, GIBSON, and ARNOLD, JJ., concur.