COX ENTERPRISES, LTD., Appellant,

v.

PHILLIPS PETROLEUM COMPANY, a corporation, and OKC Pipeline, Inc., a corporation, Appellees.

No. 47256.

Supreme Court of Oklahoma.

June 8, 1976.

Leroy J. Patton, Oklahoma City, for appellant.

George L. Verity, Brown, Verity, Brown & Baker, Oklahoma City, for appellee, OKC Pipeline, Inc.

BARNES, Justice.

Appellant purchased property in Oklahoma County on September 27, 1971. Subsequently, Appellant discovered that an oil pipeline was buried across the middle of the property it had acquired. Upon inves-tigation, Appellant found that Independent Pipe Line Company had buried the line in 1932 and that Appellee, OKC Pipeline, Inc., was presently using the line to transport oil.

Appellant, on March 21, 1973, filed the present action, setting forth three causes of action:

(1) An action against Phillips Petroleum Company, a corporation, which held an oil and gas lease upon part of the property in question, for excessive use of the property. [This cause of action is still pending and we are not concerned with it in this appeal.]

(2) An action against Appellee [OKC] for trespass based upon the fact that OKC was the present owner and user of the pipeline.

(3) An inverse condemnation action against Appellee [OKC].

Appellee answered denying Appellant's allegations and asked that it be granted summary judgment quieting its title in the pipeline easement. Appellee's contentions were: (1) That its predecessor in title to the pipeline in question appropriated a right-of-way and easement in the 1930's; (2) that Appellant was not the owner of the premises in question at the time of the appropriation and that the prior owner would be the only person entitled to bring an inverse condemnation proceeding; (3) that since Independent Pipe Line Company originally appropriated the right-of-way, it would be the only company who would be liable in an inverse condemnation proceeding.

The record shows that OKC's predecessor [Independent Pipe Line Company] complied with Title 52 O.S. § 58, when on March 24, 1932, it filed its acceptance of the provisions of the said article and a plat showing where the trunk lines were proposed to be constructed. On March 28, 1932, the Corporation Commission entered its Order No. 2055 finding that Independent Pipe Line Company was entitled to exercise the right of eminent

domain in Oklahoma. It was not required at that time to file a plat of its proposed feeder lines unless directed to do so by the Corporation Commission. The record does not indicate that the Corporation Commission has ever directed it to do this. We agree with the Appellee that it and its predecessors in title have had the right of eminent domain over Appellant's property since complying with § 58, supra.

The Trial Court found:

"2. That under the provisions of 66 O.S.A. § 57 and Oklahoma Appellate Decisions, the exclusive remedy of any recovery would be in accord with said Statute by inverse condemnation, and that any such action would have to be brought by the owner of the real estate here in controversy at the time of the taking of the right-of-way now held and possessed by the above-named Defendant and Counter-Claimant."

■ The general rule set forth in Syllabus 2 in *Rogers v. Oklahoma City,* 190 Okl. 78, 120 P.2d 997 (1942), is that the owner of the property at the time the pipeline is placed thereon is the only one who has a cause of action for damages in inverse condemnation:

"2. Where a city, having the power of eminent domain, has entered into actual, open and notorious possession of land necessary for its corporate purposes whether with or without the consent of the owner of such land, a subsequent vendee of the latter takes the land subject to the burden of the city, and the right to payment from the city, if the entry was unauthorized, belongs to the owner at the time the city took possession, unless such right has been specifically assigned or otherwise transferred to such subsequent purchaser."

However, an exception to that rule is found in *Consolidated Gas Service Co. v. Tyler,* 178 Okl. 325, 63 P.2d 88 (1936), where this Court said:

"Plaintiff cites a number of cases holding in effect that where a corporation authorized to exercise the right of eminent domain takes possession of land without any proceeding to condemn, the right to compensation accrues to the owner at once and does not pass to a subsequent purchaser by a mere conveyance of the land.

"But an examination of the cases cited shows that they are all cases where railroad companies took possession of the land, constructed and maintained railroad tracks thereon, * * *.

"But here we have an entirely different situation. The undisputed evidence is that the pipe line was buried some 24 or 30 inches under the surface; that defendant had no knowledge whatever of its existence when he purchased the lots. There is no evidence whatever that the former owner consented to the laying of the pipe line or had any knowledge thereof. There is nothing whatever tending to show that defendant purchased at a reduced price because of the existence of the pipe line. There is nothing in the record to show an estoppel against defendant or the former owner.

" 'It is well settled that an estoppel cannot be set up against a party ignorant of the true state of affairs, or whose conduct was based upon pure mistake.' *St. L. & S. F. Ry. Co. v. Mann,* 79 Okl. 160, 192 P. 231, 233."

The above rule was affirmed in the case of *Long v. City of Tulsa,* 199 Ok. 217, 184 P.2d 800 (1947).

Appellant's contention that it and its predecessors in title were unaware of the existence of Appellee's pipeline across their property until sometime after September 27, 1971, is undisputed.

■ We find that this fact, combined with the exception contained in *Consolidated Gas,* supra, is applicable to the undisputed facts of this case and therefore hold that the Appellant has stated a cause of ac-

tion in inverse condemnation. The Trial Court erred when it sustained Appellee's motion for a summary judgment on that issue.

On the question of trespass and punitive damages, we have recently held in *Allen v. Transok Pipe Line Company*, 552 P.2d 375, 47 O.B.J. 956 (Okl.1976), that:

> "In other cases where the landowner thinks the trespasser could have exercised the power of eminent domain, he can recover in one lawsuit all damages sustained as a result of the trespasser's willful and wanton conduct, as well as damages in reverse condemnation, by setting forth in the same suit two separate causes of action, the first based on trespass to recover his damages and for punitive damages, and, second, a separate cause of action under the reverse condemnation statute."

We there determined that a trespass action, including punitive damages, was an additional cause of action where a utility with the right of condemnation willfully and wantonly entered an owner's land without resorting to regular condemnation proceedings. We expressly excluded cases where the entry, although technically a trespass, is "unknowing, is under a mistaken belief of authority, or where the effect of taking other property has in effect taken adjoining property."

■ In this case, there is no allegation that Appellees' or their predecessors' trespass was willful or wanton in placing a pipeline across Appellant's land. Under these facts, Appellant cannot sue in trespass, but is limited to the remedy of inverse condemnation.

We grant certiorari. We affirm the Trial Court's order dismissing Appellant's cause of action for trespass, but reverse the Trial Court's order dismissing Appellant's cause of action for inverse condemnation, and remand for trial on that issue.

WILLIAMS, C. J., and DAVISON, IRWIN, SIMMS and DOOLIN, JJ., concur.