V.J. DRABEK, a/k/a Vernon
J. Drabek, Appellant,

v.

The CITY OF NORMAN, a municipal
corporation, Appellee.

No. 84231.

Supreme Court of Oklahoma.

Nov. 26, 1996.

Rehearing Denied Nov. 13, 1997.

Robert H. Warren, Oklahoma City, for Appellant.

Anita K. Anthony, Jeanie LeBlanc Butts, Assistant City Attorneys, Jeff F. Raley, City Attorney, Norman, for Appellee.

HARGRAVE, Justice.

We are called upon to decide whether the trial court erred in granting summary judgment to the City of Norman in this inverse condemnation action. Two questions are presented: 1) What is the appropriate statute of limitations applicable to an action in inverse condemnation where a water main was installed on property and the owner was not compensated therefor, and 2) Whether a subsequent purchaser of the property can maintain the action where the right to recover has been transferred to him by the previous owner.

The City of Norman (the City) constructed a water main in 1981 on property that once had been the interurban right-of-way. The City took an easement from the Board of Regents of Oklahoma University, who did not own the property. Plaintiff purchased the property in 1983 from the owner, and filed inverse condemnation proceedings in 1984.

Plaintiff dismissed the cause without prejudice in 1985. He filed an inverse condemnation action in 1990, alleging that the City's actions constituted a taking for which he was entitled to recover not less than $3.50 per square foot in accordance with the value of the land taken for public purposes. In 1991, the previous owner of the property, by correction quitclaim deed, transferred to plaintiff the right to payment from the City of Norman for the taking, which the owner stated was unauthorized at the time.

The City argued that the statute of limitations had run because the suit was merely one for damages. The City further argued that plaintiff could not maintain the action because he did not own the property in 1981. The trial court granted summary judgment in favor of the City. The Court of Civil Appeals reversed. We granted certiorari to resolve an apparent conflict between this Court and the Court of Civil Appeals regarding the appropriate statute of limitations to be applied in inverse condemnation actions.

■ Inverse condemnation (or "reverse condemnation") is an action brought by a property owner seeking just compensation for land taken for a public use, against a government or private entity having the power of eminent domain. It is a remedy peculiar to the property owner and is exercisable by him where the taker of the property does not bring eminent domain proceedings. *Black's Law Dictionary 825 (6th Ed.1990).* In Oklahoma, inverse condemnation has both constitutional and statutory foundations. Oklahoma Constitution, Article 2 § 24 provides:

**"Private property—Public use—Character of use a judicial question**

"Private property shall not be taken or damaged for public use without just compensation. Just compensation shall mean the value of the property taken, and in addition, any injury to any part of the property not taken.... In all cases of condemnation of private property for public or private use, the determination of the character of the use shall be a judicial question."

Statutory authority for inverse condemnation is found at 66 O.S.1991 § 57:

> "... Provided, that in case any corporation or municipality authorized to exercise the right of eminent domain shall have taken and occupied, for purposes for which it might have resorted to condemnation proceedings, as provided in this article, any land, without having purchased or condemned the same, the damage thereby inflicted upon the owner of such land shall be determined in the manner provided in this article for condemnation proceedings."

Neither statute nor constitution establishes a limitation period for bringing a suit in inverse condemnation. Case law has determined limitations periods based on whether there has been a taking.

■ Early case law established the fifteen-year period governing adverse possession to be the appropriate limitation period in an inverse condemnation proceeding where there was a taking of plaintiff's property for public use without compensation. *Oklahoma City v. Wells*, 185 Okla. 369, 91 P.2d 1077 (1939). There, a tract reverted to the landowner after abandonment by a railway company as a railroad right of way. The railway company conveyed the tract by quitclaim deed to the City of Oklahoma City, which established a public park on the tract. The landowners sued for inverse condemnation and sought appointment of Commissioners. The city objected, arguing that plaintiffs' rights were barred by the statute of limitations. Ultimately, the plaintiff's recovery was set at $27,000 and the city appealed.

We noted that *Wells* was not a suit commenced by the city to condemn the tract for park purposes, but was a case where the city took possession of the lot under a quitclaim deed from one who did not own the fee, and without the owners' consent. The city devoted the tract to public use, hence plaintiffs could not obtain possession by ejectment and were left to the remedy provided by law. The city contended that the remedy was a suit for damages for the value of the land, or an ordinary action for damages, and thus barred by the statute of limitations. The plaintiffs contended that inverse condemna-

tion was a special proceeding not subject to any limitation period.

■ After discussing, in *Wells*, the constitutional and statutory provisions, we found the legislative intent to be that the remedy afforded by condemnation proceedings is exclusive where any part of an owner's land has been taken and occupied for public use without having been purchased or condemned. Exceptions are where the owner is unable to initiate condemnation proceedings and condemner alone can put it into operation but fails to do so or where no part of the owner's land is taken and occupied for public use, but some consequential damage is occasioned by the construction and operation of a public utility. *Chicago, R.I. & P.R. Co. v. Jennings*, 175 Okla. 524, 53 P.2d 691 (1936).

We recognized in *Wells* that condemnation proceedings do not involve a tort, nor are they, strictly speaking, civil actions or suits. They are neither actions at law nor suits in equity, but rather are special proceedings. We found the claim not barred by any statute of limitations since the 15 year period required to obtain title by adverse possession had not elapsed. In response to the argument that the owners stood by and allowed the park to be established and were therefore barred by laches from recovering, we said that where the entry by the city on land for public park purposes was without the owner's consent and was not induced by any act of owner, he was not estopped by laches within prescriptive period of 15 years from obtaining compensation from the city.

Later, in *Allen v. Transok Pipe Line Co.*, 552 P.2d 375, 379 (Okla.1976) we identified the two kinds of condemnation proceedings in Oklahoma: regular condemnation pursuant to Article 2, § 24 of the Oklahoma Constitution, where the landowner is compensated prior to taking of his land for public use, and reverse condemnation where the landowner brings suit pursuant to 66 O.S. § 57, seeking condemnation damages for the land taken or encumbered. We said:

> "We do not think the legislative intent in enacting the reverse condemnation statute, 66 O.S.1971 § 57, was to permit what the Oklahoma Constitution prohibits. We believe that it was intended to provide a

remedy in those cases where the remedy provided by reverse condemnation is adequate, to wit: Cases where the landowner is merely seeking compensatory damages for the land taken or encumbered, as where the entry is unknowing, is under a mistaken belief of authority, or where the effect of taking other property has in effect taken adjoining property."

and at page 382:

"We, therefore, hold that where a landowner stands by without objecting and permits one vested with the power of eminent domain to erect improvements on his land, without having complied with statutory and constitutional provisions for condemnation, the landowner will be estopped from maintaining a suit in trespass. In such cases the landowner will be regarded as having acquiesced therein and will be limited to a suit for damages recoverable in reverse condemnation."

The Court of Civil Appeals previously has concluded that application of the fifteen year prescriptive period is appropriate where there has been a taking. *Rummage v. State ex rel. Dept. of Transportation*, 849 P.2d 1109 (Okla.App.1993) *and Underwood v. State ex rel. Dept. of Transportation*, 849 P.2d 1113 (Okla.App.1993). In those cases the Court of Civil Appeals held that if the trier of fact determines that there has been a taking, even if it is the unintended and consequential result of a public improvement, the action is one properly in inverse condemnation and the applicable limitation period is fifteen years. To hold otherwise would, they said, allow the taking entity to effectively gain title, or some property interest, short of the prescriptive period.

■ We find no conflict between the decisions of this Court and the Court of Civil Appeals regarding the appropriate statute of limitations to be applied. In the case at bar, the City argues that *City of Oklahoma City v. Daly*, 316 P.2d 129 (Okla.1957) is controlling and that it establishes three years as the appropriate limitations period. In *Daly*, the three-year limitation period at 12 O.S. § 95 (Second) was held to be applicable to an action involving only consequential damage to adjacent private buildings caused by con-

struction of a city sewer, and not a taking. Where the trier of fact determines that there has been no taking, the limitation period is the three-years as set out in *Daly*. *Daly* involved consequential damages to an adjacent building caused by vibration during installation of a city sewer. The issue was whether a taking had occurred, which is a question for the trier of fact. The Court of Civil Appeals likewise distinguished *Daly* in the case at bar.

■ Whether injuries resulting from activities off the subject property constitute a taking is a fact question. *State ex rel. Dept. of Transportation v. Hoebel*, 594 P.2d 1213 (Okla.1979) establishes that if flooding is serious enough to constitute substantial interference with the use and enjoyment of property, it may constitute a taking, and whether such a taking is present is a question for the trier of fact. We find no conflict between these cases and the holdings of the Court of Civil Appeals.

In the case at bar, the City of Norman installed a water main on property for which the City could have instituted condemnation proceedings. The City did not, and the current landowner seeks to invoke the inverse condemnation procedure. The case falls squarely within Title 66 O.S.1991 § 57. No limitation period is provided in the constitutional or statutory authority.

Title 12 O.S.1991 § 93 establishes limitation periods for actions involving recovery of real property or for determination of any adverse right or interest therein. Subsection 5 of Section 93 provides: "An action for the recovery of real property not hereinbefore provided for, within (15) years."

The City argues that Title 12 O.S.1991 § 95 applies. Section 95 provides for limitations of actions other than for recovery of real property. Subsection 95(2) provides for a three-year statute of limitation upon an action upon a liability created by statute other than a forfeiture or penalty. Subsection 95(3) provides for a two-year statute of limitations on an action for trespass upon real property. Subsection 95(9) provides for a five-year limitation period for relief not otherwise provided for by the section.

We find that a taking of real property such as that alleged here invokes the fifteen (15)

year statute of limitations provided for in § 93(5). Accordingly, plaintiff's inverse condemnation action was, on its face, timely filed.

■ As to the second issue, the general rule has been that the right of inverse condemnation belongs to the owner at the time of the taking. Two exceptions exist: 1) where the owner was unaware of the taking because the use of the property was not apparent, such as a buried pipeline, and 2) where the owner specifically transfers the right to recover to the vendee. *See, Consolidated Gas Service Co. v. Tyler*, 178 Okla. 325, 63 P.2d 88 (1936) *and Rogers v. Oklahoma City*, 190 Okla. 78, 120 P.2d 997, 1000 (1942). In *Cox v. Phillips Petroleum Co.*, 550 P.2d 1324 (Okla.1976), a subsequent purchaser of real property discovered in 1971 that an oil pipeline had been buried beneath the property since 1932. Owner filed action in 1973 for trespass and inverse condemnation against successor pipeline company. The pipeline company argued that plaintiff was not the owner of the property at the time the damage occurred and could not, therefore, maintain the action. We said that an exception to the general rule exists where the pipeline was buried and the undisputed evidence was that the property owner had no knowledge of its existence when he purchased the lots and there was no indication that he paid less because of the existence of the pipeline. There was no evidence that the former owner had consented to the laying of the pipeline or had any knowledge thereof.[1]

■ In the case at bar there was injury to property by action of a public entity that would have been required to institute condemnation proceedings to accomplish the result. Its failure to do so left the landowner with the remedy of inverse condemnation. The landowner did not commence an action at the time the water main was installed. Prior to expiration of the fifteen year adverse possession period, the former landowner transferred to the plaintiff her right to recover from the City. Because the limitation period had not run, plaintiff could bring the suit.

We are called on to decide only whether the trial court erred in granting summary judgment for the City. We hold that it did and reverse and remand the cause for further proceedings.

**CERTIORARI HAVING BEEN GRANTED PREVIOUSLY, THE OPINION OF THE COURT OF CIVIL APPEALS IS VACATED AND THE JUDGMENT OF THE TRIAL COURT IS REVERSED AND THE CAUSE IS REMANDED FOR FURTHER PROCEEDINGS.**

ALMA WILSON, C.J., KAUGER, V.C.J., and HODGES, LAVENDER, HARGRAVE, OPALA, SUMMERS, JJ., concur.

WATT, J., concurs in result.

SIMMS, J., dissents.

---

1. The case of *Long v. City of Tulsa*, 199 Okla. 217, 184 P.2d 800 (1947), cited in *Cox, supra*, is distinguishable from the case at bar. In that case, the subsequent purchaser sued the City of Tulsa in tort for damages in trespass, and for equitable relief, as a result of a sewer line that had been constructed on the property in 1928. The former owner did not assign his cause of action to the plaintiff, and had paid his proportionate costs of the sewer construction.

The Court noted that Title 60 O.S. § 313, which provides that a thing in action arising out of the violation of a right of property may be transferred by the owner, was a personal right and did not pass by warranty deed, stating at page 802:
"No authority is cited to show a cause of action *for trespass to land* is obtained by conveyance of the land." (emphasis added)