SNOW v. TOWN OF CALUMET
2022 OK 63
Case Number: 119748
Decided: 06/21/2022
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2022 OK 63, __ P.3d __

 
NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL. 

 

 

STEVE SNOW and KACI SNOW, Plaintiffs/Appellants,
v.
TOWN OF CALUMET OKLAHOMA, Defendant/Appellee,

ON APPEAL FROM THE DISTRICT COURT OF CANADIAN COUNTY

Honorable Paul Hesse, Trial Judge

¶0 Landowners sued the Town of Calumet for trespass and inverse condemnation due to maintaining two municipal sewer lines across the owners' property after the expiration of two temporary easements. The town counterclaimed to quiet title. Both parties moved for summary judgment. The district court granted the landowners' motion for summary judgment on the town's quiet-title claim and granted the town's motion for summary judgment on the landowners' claims for trespass and inverse condemnation. The landowners appealed the district court's judgment on their inverse condemnation claim. This Court retained the appeal. We reverse the district court's judgment, holding the landowners have standing to assert an inverse condemnation claim, and we remand for trial.

DISTRICT COURT'S JUDGMENT REVERSED AND 
REMANDED FOR TRIAL ON INVERSE CONDEMNATION CLAIM.

Sean C. Wagner, Wagner Hicks, PLLC, Charlotte, North Carolina, for Plaintiffs/Appellants.

Joseph P. Weaver and Jana L. Knott, Bass Law, El Reno, Oklahoma, for Defendant/Appellee.

Winchester, J.

¶1 The limited issue before this Court is whether Appellants Steve Snow and Kaci Snow (the Snows) have standing to assert a claim for inverse condemnation against the Town of Calumet (Town), Oklahoma. We answer this question in the affirmative. Town's temporary easements for sewer lines installed by Town on the Snows' property expired in 2010, and Town then sought perpetual easements without compensation from the Snows for the continual use and maintenance of the sewer lines. Under these facts, the Snows have standing to assert a claim for inverse condemnation.

FACTS AND PROCEDURAL HISTORY

¶2 In June 2010, the Snows purchased real property located in Town. The former owners of the real property had granted temporary easements to Town in 1978 to install and maintain two municipal sewer lines located on the Snows' property. The temporary easements expired in December 2010.

¶3 In May 2018, over seven years after the easements expired, Town requested that the Snows execute perpetual easements for Town's continued use and maintenance of the sewer lines. The Snows sought compensation from Town for the easements, but Town declined to compensate the Snows.

¶4 The Snows filed this action against Town for trespass and inverse condemnation. Town filed a counterclaim seeking to quiet title to the easements by prescription. Both parties filed motions for summary judgment. The district court granted in part the Snows' motion for summary judgment on Town's quiet title claim, holding the municipal sewer lines were permissive until the temporary easements expired in 2010 and Town had not satisfied the statutory period of fifteen years for prescriptive easements. The district court also granted Town's motion for summary judgment on the Snows' claims for trespass and inverse condemnation. The district court held that Town was entitled to judgment as a matter of law on the Snows' trespass claim because the former owners of the property consented to Town entering the property and installing the sewer lines. As to the Snows' inverse condemnation claim, the district court held that the Snows lacked standing to assert an inverse condemnation claim because the right to this claim belonged to the former owners of the property when Town installed the sewer lines in 1978. The Snows appealed the district court's judgment regarding their inverse condemnation claim. We retained the appeal.

STANDARD OF REVIEW

¶5 Summary judgment resolves issues of law, and we review a district court's grant of summary judgment de novo. U.S. Bank, N.A. ex rel. Credit Suisse First Boston Heat 2005--4 v. Alexander, 2012 OK 43280 P.3d 936de novo standard, we subject the record to a new and independent examination without regard to the trial court's reasoning or result. Gladstone v. Bartlesville Indep. Sch. Dist. No. 30, 2003 OK 3066 P.3d 442State ex rel. Protective Health Servs. State Dep't of Health v. Vaughn, 2009 OK 61222 P.3d 1058U.S. Bank, 2012 OK 43Id.

DISCUSSION

¶6 The Oklahoma Constitution guarantees that private property will not be taken or damaged for public use without just compensation. Okla. Const. art. 2, § 24. When a governmental entity takes or damages private property without just compensation, a person may bring an inverse condemnation claim. State ex rel. Dep't of Transp. v. Post, 2005 OK 69125 P.3d 1183Drabek v. City of Norman, 1996 OK 126946 P.2d 658Bd. of Cty. Comm'rs of Muskogee Cty. v. Lowery, 2006 OK 31136 P.3d 639

¶7 The general rule is that the right of inverse condemnation belongs to the owner at the time of the taking. Cox Enters., Ltd. v. Phillips Petroleum Co., 1976 OK 75550 P.2d 1324Drabek, 1996 OK 126

¶8 Town argues that the Snows have no standing to allege inverse condemnation because they did not own the property at the time Town installed the sewer lines and no exception to this rule applies here. However, the Snows' right to bring an inverse condemnation claim here is distinguishable from the cases this Court decided where the owners of the properties attempted to recover for a taking that occurred when the former owners owned the properties. See, e.g., Drabek, 1996 OK 126946 P.2d at 662Cox Enters., Ltd., 1976 OK 75Consol. Gas Serv. Co. v. Tyler, 1936 OK 76863 P.2d 88

¶9 Town's temporary easements granted by the former property owners when Town installed the sewer lines were limited to the particular purpose for which they were created. Story v. Hefner, 1975 OK 115540 P.2d 562

¶10 The fact that Town previously installed the sewer lines in 1978 and requested temporary easements from the former property owners is not determinative of whether the Snows currently have a claim for inverse condemnation. More than one taking can occur involving a single piece of property. See, e.g., Natural Gas Pipeline Co. of Am. LLC v. Foster OK Res. LP, 2020 OK 29465 P.3d 1206 Post, 2005 OK 69Mattoon v. City of Norman, 1980 OK 137617 P.2d 1347Graham v. City of Duncan, 1960 OK 149354 P.2d 458

¶11 The Court has also held that just compensation for a taking is determined as of the time a taking occurs. Okla. Turnpike Auth. v. Burk, 1966 OK 113415 P.2d 1001perpetual easements, which will restrict the Snows' property for an unlimited duration of time.

¶12 The Snows contend on appeal that they are entitled to summary judgment on the question of whether a taking has occurred, with the issue of just compensation being reserved for a determination by a jury at the trial on this matter. In an action for inverse condemnation, the issue of taking is critical and is a fact question that, unless confessed, must be tried to a jury. Carter v. City of Okla. City, 1993 OK 134862 P.2d 77Id. The burden of proving a taking occurred is on the property owner. Inc. Town of Pittsburg v. Cochrane, 1948 OK 121197 P.2d 287

CONCLUSION

¶13 The Snows have standing to assert an inverse condemnation claim. Town's right to utilize the land ended when the temporary easements expired in 2010. Town sought perpetual easements from the Snows for the continual use and maintenance of the sewer lines. The Snows requested just compensation for the Town to continue to utilize the land, but Town refused to compensate the Snows. Accordingly, we hold that the district court erred in granting summary judgment to Town, holding that the Snows did not have standing to assert an inverse condemnation claim. We remand the cause for further proceedings.

DISTRICT COURT'S JUDGMENT REVERSED AND 
REMANDED FOR TRIAL ON INVERSE CONDEMNATION CLAIM.

ALL JUSTICES CONCUR. 

FOOTNOTES

Perpetual Easement, Black's Law Dictionary (11th ed. 2019), available at Westlaw.

See, e.g., Post, 2005 OK 69Oxley v. City of Tulsa, By and Through Tulsa Airport Auth., 1989 OK 166794 P.2d 742Mattoon, 1980 OK 137Henthorn v. Okla. City, 1969 OK 76453 P.2d 1013Atchison, T. & S. F. Ry. Co. v. Terminal Oil Mill Co., 1937 OK 34971 P.2d 617Foster Lumber Co. v. Ark. Valley & W. Ry. Co., 1908 OK 26595 P. 224