MORTON v. OKMULGEE PRODUCERS & MANUFACTURERS GAS CO.

No. 34458.   Oct. 7, 1952.

*248 P. 2d 1028.*

W. C. Alley, Okmulgee, for plaintiff in error.

J. P. Hanningan, Okmulgee, for defendant in error.

PER CURIAM.   This action was commenced by the Okmulgee Producers & Manufacturers Gas Company, a corporation, to replevin some gas pipe that the Gas Company had placed on land, which, at the time of this action, belonged to William P. Morton.   The Gas Company had gone upon the property, dug up the gas pipe it had formerly placed on the land, and Morton refused to permit the Gas Company to remove the pipe.   The Gas Company filed a petition and an affidavit in replevin and a replevin order was issued. Morton filing no cross-bond, the Gas Company took possession of the pipe line.   Thereafter Morton filed an answer admitting that he refused to permit the Gas Company to remove the pipe but denied that he unlawfully had detained the same and generally denied all allegations in the Gas Company's petition. In connection therewith Morton filed his cross-petition alleging that the Gas Company was a trespasser when the pipe line was put on said land and that at no time had the Gas Company been granted permission to place said pipe line on said land or to remove the same therefrom, and copied in said cross-petition 60 O.S. 1941 §334.

Thereafter, the Gas Company filed a demurrer to a part of the cross-petition

which constituted the principal grounds of defense and action of Morton. The court sustained the demurrer, and Morton appealed.

The law relied upon by Morton for his case against the Gas Company was 60 O.S. 1941 §334, which is as follows:

"When a person affixes his property to the land of another without an agreement * * * to remove it, the thing affixed belongs to the owner of the land unless he chooses to require or permit the former to remove it. * * *"

The Gas Company contended that a correct rule of law in the State of Oklahoma was:

"The rule that a structure placed upon land by a trespasser belongs to the owner of the land does not apply in the case of a structure erected by a corporation having the right of eminent domain."

The lower court, in sustaining the demurrer, thereby held that the last above-quoted rule of law was the law in the State of Oklahoma.

The question presented here, then, is whether or not such rule of law is the law in the State of Oklahoma as applied to a gas company transporting gas for hire under the pleadings in this case. The briefs of counsel for both the Gas Company and Morton limit their arguments principally to this one question. The argument of Morton in his brief admits the fact that the Gas Company is a public utility engaged in the business of transporting natural gas through pipe lines for hire in that he bases his argument on a theory granting that it is such a corporation. His contention, then, is that since it is such a corporation that it is controlled by 52 O.S. 1941 §§1 to 10, which provide in sec. 4 of said Title 52 that:

" * * * and such gas pipe line shall not be constructed, maintained, or operated until all damages to adjacent owners are ascertained and paid as provided by law."

Morton thereafter cites decisions of different courts which hold that where the right such as eminent domain is granted to a private corporation, and where certain requirements are made, prior to their exercise of said right, they do not have such right until after the requirements have been met, and that, therefore, since the Gas Company had not paid all damages as ascertained and provided by law, it had no right as a public utility for eminent domain and was therefore a trespasser and that the law quoted by him applied, and that, therefore, the property became the property of Morton.

Such contention is not the law of the State of Oklahoma. Title 52 O.S. 1941 §22 grants persons and corporations who are transporting natural gas by pipe line the right to condemnation by eminent domain.

Our Legislature has further provided in 66 O.S. 1941 §57, that in case any corporation or municipality authorized to exercise the right of eminent domain shall have taken and occupied, for purposes for which it might have resorted to condemnation proceedings, as provided in this article, any land, without having purchased or condemned the same, the damage thereby inflicted upon the owner of such land shall be determined in the manner provided in this article for condemnation proceedings. This section gives the landowner the right, if the taking corporation does not follow the procedure set out, to condemn the property, to file his petition in the nature of condemnation to fix the damages to his land in the same manner and method as would be followed if the taking corporation filed condemnation procedure.

Such condemnation proceedings by the landowner, where the taking corporation does not start condemnation proceedings, is the landowner's exclusive remedy. Oklahoma City v. Wells, 185 Okla. 369, 91 P. 2d 1077.

This right being his exclusive remedy, the amount of damages are fixed by the

laws governing condemnation proceedings. It therefore follows that the landowner does not have the right to seize and hold title to the property placed on the land by the taking corporation.

There is no reason why a distinction should be made between the right of the landowner when his property is merely damaged without having any property become attached to the land and the right of the landowner when the land is damaged and property is attached to the land.

Judgment affirmed.

This court acknowledges the services of Attorneys J. Fred Green and W. S. Agent, who as Special Masters aided in the preparation of this opinion. These attorneys were recommended by the Oklahoma Bar Association, approved by the Judicial Council, and appointed by the court.

HALLEY, V. C. J., and WELCH, CORN, DAVISON, JOHNSON, and BINGAMAN, JJ., concur.