CHANDLER et ux.

v.

OKLAHOMA TURNPIKE AUTHORITY.

No. 36078.

Supreme Court of Oklahoma.

May 18, 1954.

Rehearing Denied June 8, 1954.

P. D. Erwin, Chandler, for plaintiffs in error.

Leon Shipp, C. E. Barnes, Oklahoma City, for defendant in error.

CORN, Justice.

Plaintiffs brought this action seeking to establish, by way of reverse condemnation, their right to recover damages and compensation, which they alleged resulted from defendant's acts in construction of the Turner Turnpike, performed by virtue of the powers vested in the Oklahoma Turnpike Authority.

Plaintiffs own a 160-acre homestead located near the Turnpike. Prior to construction of the Turnpike a county road, which served as a mail and school bus route, extended from the town of Wellston (a mile west of plaintiffs' land) along the south side of plaintiffs' farm and south ½ mile to U. S. Highway 66. No road ran east from their farm and the north-south section line along the east boundary was closed because of a railroad, drainage canal and river crossings. The Turnpike crossed the highway which ran south of plaintiffs' farm, but no crossing was constructed where the Turnpike intersected the county road, thus leaving plaintiffs isolated upon a dead end road.

The petition alleged defendant had not brought condemnation proceedings as re-

quired by law for the determination of compensation and damages to which plaintiffs were entitled; that plaintiffs · had suffered direct and consequential damages from construction of the Turnpike and thus were entitled to recover compensation under both the · Constitution and statutory provisions relating to eminent domain. Constitution Art. 2, § 24; 69 O.S.1951 § 653 et seq.

Regular proceedings in eminent domain led to appointment of condemnation commissioners, over defendant's objections, and such commissioners thereafter returned and filed their report fixing plaintiffs' compensation at $9,000. Defendant filed exceptions to the commissioners' report, moved to vacate the award and at the same time filed demand for jury trial. Plaintiffs then moved to strike defendant's exceptions, or for the court to require defendant to elect between its exceptions and demand for jury trial.

After hearing upon the issues presented by the pleadings the trial court sustained defendant's exceptions to the commissioners' report, and the defendant's motion to vacate the commissioners' award, upon the ground that plaintiffs could not maintain an action in reverse condemnation. Judgment was entered dismissing plaintiffs' action.

Three contentions are advanced by plaintiffs as grounds for reversal of this judgment. They contend: (1) the Authority's failure to proceed by condemnation permits a landowner who has been damaged to proceed in reverse condemnation; (2) that this remedy is exclusive; (3) the constitutional guaranty of compensation for property taken or damaged for public use permits the right of action against the state without statutory consent. We are, however, in agreement with plaintiffs' admission that determination of a single issue is decisive of this appeal. The real question involved is whether, where no condemnation proceedings were brought and no part of a landowner's property was taken for public use, a landowner can maintain an action in reverse condemnation?

Plaintiffs' argument is that Art. 2, § 24 of our Constitution reserves to all citizens the right to be compensated in · damages where their property is *taken* or *damaged* by exercise of the right of eminent domain and that such damages are to be ascertained in a condemnation proceeding. Upon this basis plaintiffs rely upon .certain prior decisions to the effect that where property has been taken by eminent domain for public use without the owner's having been compensated therefor, the remedy, i. e., determination of compensation by condemnation proceedings is exclusive. Reliance is placed in. Oklahoma City v. Wells, 185 Okl. 369, 91 P.2d 1077, 123 A.L.R. 662; Morton .v. Okmulgee Producers and Mfrs.' Gas Co., 207 Okl. 201, 248 P.2d 1028; Stedman v. State Highway Comm., 174 Okl. 308, 50 P.2d 657; Hawks, v. Walsh, 177 Okl. 564, 61 P.2d 1109; Oklahoma City v. Collins-Dietz-Morris Co., 183 Okl. 264, 79 P.2d 791, as supporting such argument.

It is unnecessary to discuss and distinguish each of the cases above cited. In our opinion the case of Oklahoma City v. Wells, supra, cited by plaintiffs, effectively forecloses plaintiffs' entire argument and is decisive of the issue presented herein. That case involved an actual taking of certain property without the owners' consent, and the landowners sought relief by way of reverse condemnation. In the body of the body of the opinion it is said [185 Okl. 369, 91 P.2d 1081]: ·

"From the above constitutional and statutory provision it is clear that the legislative intent is that the remedy afforded by condemnation proceedings shall be exclusive where any part of an owner's land has been taken and occupied for public use without having been purchased or condemned. But when the statutory remedy, however broad it may be, cannot be initiated by the owner of the land, and the condemnor alone can put it into operation and fails to do so, the statutory remedy is not exclusive and the owner may resort to his action at common law. 10 R.C.L. 190, 223.

"It is under this latter rule that this court has held that where no part of the owner's land is taken and occupied

for public use, but some consequential damage is occasioned by the construction and operation of a public utility, the owner may not avail himself of the remedy of condemnation proceedings, but may resort only to a common law action. Chicago, R. I. & P. Ry. Co. v. Jennings, 175 Okl. 524, 525, 53 P.2d 691."

More recently, in City of Blackwell v. Murduck, 206 Okl. 466, 244 P.2d 817, we considered a similar situation. The city of Blackwell had constructed a dam some distance from plaintiffs' property, without condemning any of their land, although the structure caused the land to flood. Plaintiffs brought their action to recover damages for permanent destruction of the land. The defendant city defended upon the same theory that the plaintiffs base their right to recovery upon herein. In upholding plaintiffs' right to recover damages we said, 206 Okl. at page 469, 244 P.2d at page 821:

"In support of this contention, defendant cites Chicago, R. I. & P. Ry. Co. v. Jennings, 175 Okl. 524, 53 P.2d 691; Oklahoma City v. Wells, 185 Okl. 369, 91 P.2d 1077, 123 A.L.R. 662; and a Kansas case, Cruse v. Chicago, R. I. & P. Ry. Co., 138 Kan. 117, 23 P.2d 471; and also calls our attention to the Oklahoma Constitution, sec. 24, article II, and Tit. 66 O.S.A. sec. 57. The Oklahoma cases, supra, do not sustain defendant's contention. In each of the cited cases, the land was actually taken for a public use. The defendant city here does not contend that it has actually taken any of plaintiff's land. Moreover, it denies that any of its acts in any manner affected plaintiff's property rights.

"In Chicago, R. I. & P. Ry. Co. v. Jennings, supra, we held: 'But the Legislature has never provided for the institution of condemnation proceedings by a railroad company, or city, nor by the landowner where no part of the property is desired as a location for a railroad and no part thereof has been taken and occupied for public use.'

and in the second syllabus of the case, we stated:

"'In cases where no part of the owner's property is actually taken or occupied for public use in connection with the construction or operation of a railroad, such owner may sue for damages, but the measure of damages and rules of evidence are the same as though a condemnation proceeding had been brought.'"

No necessity exists for prolongation of this discussion by analysis and discussion of the cases cited by plaintiff. The controlling precedent in such cases is that announced in Chicago, R. I. & P. Ry. Co. v. Jennings, quoted above in the Murduck case. For this reason it is not required that we devote attention to other matters argued by plaintiffs.

The judgment of the trial court is affirmed.