OSCN Found Document:BARNETT v. OKAY PUBLIC WORKS AUTHORITY

 

 
 

 
 BARNETT v. OKAY PUBLIC WORKS AUTHORITY
2022 OK 24
Case Number: 117792
Decided: 03/08/2022
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2022 OK 24, __ P.3d __

 
NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL. 

VICKY BARNETT, individually and d/b/a RIVER VALLEY MOBILE HOME COMMUNITY, Plaintiff/Appellee,
v.
THE OKAY PUBLIC WORKS AUTHORITY, a public trust, Defendant/Appellant,
v.
L.L.G. CONSTRUCTION, INC. and WESTERN SURETY CO., Third-Party Defendants.
ON CERTIORARI FROM THE COURT OF CIVIL APPEALS, DIVISION III
Â¶0 The Okay Public Works Authority (OPWA) appeals a jury verdict in an inverse condemnation lawsuit. The jury found that a taking occurred when OPWA installed wastewater sewer lines in a mobile home community. The Court of Civil Appeals reversed the district court's judgment holding OPWA did not possess the power of eminent domain over the installation of wastewater sewer lines. This Court granted certiorari. We hold that the Legislature granted eminent domain power to OPWA for the transportation, delivery, treatment, and furnishing of water for domestic purposes, which included the power to install wastewater sewer lines in the mobile home community.
COURT OF CIVIL APPEALS' OPINION VACATED;
DISTRICT COURT'S JUDGMENT AFFIRMED.
Steven M. Harris and S. Max Harris, Doyle Harris Davis & Haughey, Tulsa, Oklahoma, for Defendant/Appellant.
K. Ellis Ritchie, Ritchie, Rock, McBride & Atwood Law Firm, Pryor, Oklahoma, for Plaintiff/Appellee.
Winchester, J.
Â¶1 The issues before this Court are (1) whether Appellant Okay Public Works Authority (OPWA) possessed the power of eminent domain over a sanitary system improvement project performed on a mobile home community in the Town of Okay, Oklahoma, and (2) whether the subject project was for public use. We answer these questions in the affirmative.
Â¶2 The Oklahoma Legislature granted eminent domain power to public trusts for the transportation, delivery, treatment, and furnishing of water for domestic purposes. 60 O.S. Supp.2006, Â§ 176(J) (superseded).[1] The publicly-funded sanitary system improvement project in Okay involved the installation of pipelines on the premises of a mobile home community (and other properties) to transport, deliver, and treat wastewater and sewage, a project that falls within the eminent domain power granted by Â§ 176(J). Because the project involved the provision of utilities for Okay, the project was for public use. We hold OPWA possessed the power of eminent domain over the sanitary system improvement project performed on the mobile home community.
FACTS AND PROCEDURAL HISTORY
Â¶3 OPWA is a public trust, pursuant to 60 O.S.2021, Ch. 4, Â§Â§ 176-180.4, https://govt.westlaw.com/okjc (In ch. 4, follow hyperlink titled "Trusts for Furtherance of Public Functions"), that supplies utilities, including a sanitary system and a water treatment plant, for Okay, Oklahoma. The sanitary system services approximately 225 residences. In 2009, OPWA began a sanitary system improvement project with public funds obtained from the Oklahoma Water Resources Board. This project included the replacement and relocation of wastewater sewer lines and the extension of lines from the water treatment plant.
Â¶4 OPWA expanded the sanitary system improvement project from adjacent land onto the River Valley Mobile Home Community (River Valley), owned by Appellee Vicky Barnett (Barnett). OPWA began excavating on the premises of River Valley without obtaining permission from Barnett or giving notice. OPWA's engineer hired to design the sanitary system improvement project informed OPWA that a new easement was required for the portion of the project on the River Valley premises, but OPWA failed to obtain one.
Â¶5 As part of the project, OPWA installed a sewer main line across the southern part of the River Valley premises and replaced the private lines servicing the mobile homes with lines tied into OPWA's project. The new wastewater sewer lines installed on the River Valley premises served a convenience store on adjoining property to the east of River Valley. OPWA also installed wastewater sewer lines on the adjoining subdivision to the west of River Valley, which tied into lines that served both River Valley and the convenience store. OPWA obtained public utility easements on the adjoining properties where it installed its wastewater sewer lines.
Â¶6 The work performed by OPWA caused extensive damage to the River Valley premises near the excavation area. Further, during and upon completion of the project, sewage did not drain properly from the mobile homes. Barnett discovered the lines installed by OPWA had not been properly graded.
Â¶7 Barnett brought this action against OPWA alleging inverse condemnation for the property taken and damaged by OPWA.
[2] The district court held a jury trial, and the jury returned a verdict in favor of Barnett, awarding her $73,350 in damages for inverse condemnation. OPWA moved for judgment notwithstanding the verdict (JNOV) or, in the alternative, a new trial, arguing it did not possess the power of eminent domain over the installation of the wastewater sewer lines. The district court denied OPWA's motion. The district court then entered a journal entry of judgment and granted OPWA an easement on the River Valley property. OPWA appealed.
Â¶8 The Court of Civil Appeals (COCA) reversed the district court's judgment. Construing 60 O.S.Supp.2006, Â§ 176(J) (superseded), COCA found that OPWA did not possess the power of eminent domain over the subject project. COCA explained that a public trust has the authority to invoke eminent domain for the purposes of the "furnishing of water for domestic purposes" and concluded that this power does not extend to projects involving wastewater sewer lines. This Court granted certiorari.
STANDARD OF REVIEW
Â¶9 The standard of review for a motion for JNOV is identical to the standard for determining a motion for a directed verdict. 12 O.S.2011, Â§ 698. This Court considers as true all evidence favorable to the non-moving party together with all inferences that may be reasonably drawn, and we disregard all conflicting evidence favorable to the moving party. First Nat'l Bank in Durant v. Honey Creek Entm't Corp., 2002 OK 11, Â¶ 8, 54 P.3d 100, 103. A district court should grant a motion for JNOV only when there is an entire absence of proof on a material issue. Id. We will not disturb a judgment on appeal unless it is apparent that the district court erred on a pure question of law or acted arbitrarily. Dominion Bank of Middle Tenn. v. Masterson, 1996 OK 99, Â¶ 16, 928 P.2d 291, 294.
Â¶10 The issues in this appeal also concern the legal interpretation of Oklahoma's statute regarding the eminent domain powers of a public trust, 60 O.S. Supp.2006, Â§ 176(J) (superseded). Statutory construction poses a question of law; the correct standard of review is de novo. State ex rel. Protective Health Servs. State Dep't of Health v. Vaughn, 2009 OK 61, Â¶ 9, 222 P.3d 1058, 1064. Under the de novo standard of review, the Court has plenary, independent, and non-deferential authority to determine whether the district court erred in its legal rulings. Id.
DISCUSSION
Â¶11 OPWA argues that Barnett's inverse condemnation claim fails as a matter of law because (1) OPWA lacked the power of eminent domain over the sanitary system improvement project performed on the River Valley premises and, as a result, OPWA does not own the wastewater sewer lines installed, and (2) the subject project was not for public use. We address each of these arguments in turn.
I. OPWA possessed the power of eminent domain to install wastewater sewer lines as part of the sanitary system improvement project on the River Valley premises.
Â¶12 The Oklahoma Constitution guarantees that private property will not be taken or damaged for public use without just compensation. Okla. Const. art. 2, Â§ 24. When a governmental entity takes or damages private property without just compensation, a person may bring an inverse condemnation claim. State ex rel. Dep't of Transp. v. Post, 2005 OK 69, Â¶ 7, 125 P.3d 1183, 1186. An essential element of an inverse condemnation claim is that the taking or damage occurred from an action taken by a governmental entity that holds the power of eminent domain. Drabek v. City of Norman, 1996 OK 126, Â¶ 4, 946 P.2d 658, 659. To determine whether OPWA had the power of eminent domain over the sanitary system improvement project performed on the River Valley premises, we first examine Oklahoma's statute regarding the eminent domain power of a public trust.
Â¶13 When the Court examines a statute, our primary goal is to determine legislative intent through the "plain and ordinary meaning" of the statutory language. In re Initiative Petition No. 397, 2014 OK 23, Â¶ 9, 326 P.3d 496, 501. Because the Legislature expresses its purpose by words, the plain meaning of a statute is deemed to express legislative authorial intent in the absence of any ambiguous or conflicting language. Id. A judicial determination of the presence of more than one reasonable construction of the statutory language, i.e., ambiguity, presents a question of law. Id. Oklahoma's statute regarding a public trust's eminent domain power provides in pertinent part:
J. Any public trust created pursuant to the provisions of this section shall have the power to acquire lands by use of eminent domain in the same manner and according to the procedures provided for in Sections 51 through 65 of Title 66 of the Oklahoma Statutes. Any exercise of the power of eminent domain by a public trust pursuant to the provisions of this section shall be limited to the furtherance of public purpose projects involving revenue-producing utility projects of which the public trust retains ownership; provided, for public trusts in which the State of Oklahoma is the beneficiary the exercise of the power of eminent domain may also be used for public purpose projects involving air transportation. Revenue-producing utility projects shall be limited to projects for the transportation, delivery, treatment or furnishing of water for domestic purposes or for power, including, but not limited to, the construction of lakes, pipelines and water treatment plants or for projects for rail transportation.
60 O.S.Supp.2006, Â§ 176(J) (superseded) (emphasis added). The provisions of Â§ 176(J) are to be strictly construed. Bd. of Cty. Comm'rs of Muskogee Cty. v. Lowery, 2006 OK 31, Â¶ 11, 136 P.3d 639, 647.
Â¶14 The plain language of Â§ 176(J) grants public trusts the power of eminent domain for public projects involving the "transportation, delivery, treatment, or furnishing" of one or two separate utilities, i.e., either "power" or "water for domestic purposes."[3]
Â¶15 OPWA's project involved the construction and installation of pipelines to ultimately transport and deliver wastewater from the River Valley premises and other adjoining premises to OPWA's plant for treatment. Transporting, delivering, treating, and furnishing of water for domestic purposes includes not only the furnishing of water to a household but the transportation of used water from the household to treatment plants. OPWA's project falls squarely within the plain language of Â§ 176(J), which authorizes OPWA to exercise eminent domain over the sanitary system improvement project.
Â¶16 OPWA argues that it does not have the power of eminent domain over the sanitary systems improvement project performed on River Valley because the Legislature used the term water in Â§ 176(J) and not sewer. The Legislature utilized the generic term water; it did not specify between potable water (water safe to drink or use for food preparation)
[4] and wastewater (used water).[5] The transportation of potable water goes hand-in-hand with the transportation of wastewater or sewage. To take OPWA's position would leave public trusts empowered by the right of eminent domain to run potable water lines to residents but deny public trusts the power to run wastewater sewer lines from household after use. We reject this position.
Â¶17 Evidence of the Legislature's intent to allow public trusts to exercise eminent domain over both potable water and wastewater by using the term water is found in 82 O.S.2021, Ch. 14, Â§ 1085.32(1). The Legislature identified "water" projects (through the Oklahoma Water Resources Board-- like the project at issue in this case) to include "any system necessary to improve or develop sewage treatment, collection or distribution." 82 O.S.2021, Ch. 14, Â§ 1085.32(1), https://govt.westlaw.com/okjc (In ch. 14, follow hyperlink titled, "Water Storage and Control Facilities"). The legislative intent for the generic term water used in Â§ 176(J) was to include both potable water furnished to households for domestic purposes and wastewater transported from a household and delivered for treatment; OPWA's sanitary system improvement project did this exact thing.
Â¶18 OPWA contends that the portion of the sanitary system project performed on the River Valley property did not meet the requirements in Â§ 176(J) to exercise eminent domain because OPWA did not retain ownership over the wastewater sewer lines. This Court previously determined that an entity with the power of eminent domain owns the property placed on the land taken in a condemnation suit (or inverse condemnation suit). See Morton v. Okmulgee Producers & Mfrs. Gas Co., 1952 OK 314, Â¶ 11, 248 P.2d 1028, 1029. Since we have determined that OPWA had the power of eminent domain, OPWA retained ownership of the wastewater sewer lines.
II. The installation of wastewater sewer lines on the River Valley premises as part of the sanitary system project was for public use.
Â¶19 We next examine whether the sanitary system improvement project was for public use as required by 60 O.S.Supp.2006, Â§ 176(J) (superseded). The question of whether a taking is for public use is a judicial question. Okla. Const. art. 2, Â§ 24. The Oklahoma Water Resources Board awarded a grant for $99,000 to OPWA to fund the subject project. OPWA engineered and constructed the project. OPWA obtained easements for the project pertaining to the adjoining properties around River Valley. OPWA failed to obtain an easement for the portion of the project pertaining to River Valley although OPWA's engineer advised that an easement was necessary.
Â¶20 The project involved an improvement to the sanitary system for Okay; the project was not contained within the confines of the River Valley property. OPWA designed and constructed new wastewater sewer lines on River Valley property that included an 8" line running east and west across the southern portion of River Valley that connected and served both the adjoining subdivision to the west and the convenience store east of River Valley. The wastewater line installed to service the convenience store was connected to another line by way of a new manhole constructed on the River Valley property. OPWA's sanitary collection system (which is off-site from River Valley) receives wastewater from River Valley and other properties in Okay, and OPWA's facility treats the wastewater. The evidence presented at trial was that the sanitary system project was a public trust utility project that benefitted the public, the residents of Okay. See, e.g., Lowery, 2006 OK 31, Â¶ 12 n.14, 136 P.3d at 647 n.14.
Â¶21 Our Court has many times considered the needs and interests of the Oklahoma public in our eminent domain cases. Reliable water systems are important to state citizens. Furnishing utilities such as power and water for citizens is so "manifestly public 'that it has seldom been questioned and never denied.'" Tuttle v. Jefferson Power & Imp. Co., 1912 OK 232, Â¶ 6, 122 P. 1102, 1103 (quoting Rockingham Cty. Light & Power Co. v. Hobbs, 58 A. 46, 48 (N.H. 1904)). We hold that the installation of wastewater sewer lines on the River Valley premises as part of the sanitary system project was for public use--to improve the system that transports, delivers, treats, and furnishes water for Okay, Oklahoma.
CONCLUSION
Â¶22 Oklahoma's statute regarding a public trust's eminent domain power grants OPWA eminent domain power over public projects involving the transportation, delivery, treatment, or furnishing of water for domestic purposes. OPWA's sanitary system improvement project involved the construction and installation of pipelines to ultimately transport and treat wastewater, and we hold the project falls squarely within OPWA's power of eminent domain. Accordingly, we vacate COCA's opinion and affirm the district court's judgment.
COURT OF CIVIL APPEALS' OPINION VACATED;
DISTRICT COURT'S JUDGMENT AFFIRMED.
CONCUR: Darby, C.J., Kane, V.C.J., Kauger, Winchester, Edmondson, Gurich, Rowe, and Kuehn, JJ.
DISQUALIFIED: Combs, J.
FOOTNOTES
[1] The Legislature has amended 60 O.S., Â§ 176 several times since 2003. However, the Legislature has not amended subsection J.
[2] OPWA brought an indemnity claim against Third-Party Defendants L.L.G. Construction, Inc. and Western Surety Co. The district court bifurcated this claim, and it is not at issue in this appeal.
[3] The Legislature defines "domestic use" as the use of water (1) by a natural individual or by a family or household for household purposes; (2) for farm and domestic animals up to the normal grazing capacity of the land; (3) for the irrigation of land not exceeding a total of three acres in area for the growing of gardens, orchards, and lawns; and, (4) for such other purposes, specified by Board rules, for which de minimis amounts are used. 82 O.S.2001, Â§ 105.1.
[4] See Potable Definition, Merriam Webster, https://www.merriam-webster.com/dictionary/potable (last visited Jan. 6, 2021).
[5] See Wastewater Definition, Merriam Webster, https://www.merriam-webster.com/dictionary/wastewater (last visited Jan. 6, 2021).