BARNETT v. OKAY PUBLIC WORKS AUTHORITY
2022 OK 24
Case Number: 117792
Decided: 03/08/2022
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2022 OK 24, __ P.3d __

 

 

VICKY BARNETT, individually and d/b/a RIVER VALLEY MOBILE HOME COMMUNITY, Plaintiff/Appellee,
v.
THE OKAY PUBLIC WORKS AUTHORITY, a public trust, Defendant/Appellant,
v.
L.L.G. CONSTRUCTION, INC. and WESTERN SURETY CO., Third-Party Defendants.

ON CERTIORARI FROM THE COURT OF CIVIL APPEALS, DIVISION III

¶0 The Okay Public Works Authority (OPWA) appeals a jury verdict in an inverse condemnation lawsuit. The jury found that a taking occurred when OPWA installed wastewater sewer lines in a mobile home community. The Court of Civil Appeals reversed the district court's judgment holding OPWA did not possess the power of eminent domain over the installation of wastewater sewer lines. This Court granted certiorari. We hold that the Legislature granted eminent domain power to OPWA for the transportation, delivery, treatment, and furnishing of water for domestic purposes, which included the power to install wastewater sewer lines in the mobile home community.

COURT OF CIVIL APPEALS' OPINION VACATED;
DISTRICT COURT'S JUDGMENT AFFIRMED.

Steven M. Harris and S. Max Harris, Doyle Harris Davis & Haughey, Tulsa, Oklahoma, for Defendant/Appellant.

K. Ellis Ritchie, Ritchie, Rock, McBride & Atwood Law Firm, Pryor, Oklahoma, for Plaintiff/Appellee.

Winchester, J.

¶1 The issues before this Court are (1) whether Appellant Okay Public Works Authority (OPWA) possessed the power of eminent domain over a sanitary system improvement project performed on a mobile home community in the Town of Okay, Oklahoma, and (2) whether the subject project was for public use. We answer these questions in the affirmative.

¶2 The Oklahoma Legislature granted eminent domain power to public trusts for the transportation, delivery, treatment, and furnishing of water for domestic purposes. 60 O.S. Supp.2006, § 176

FACTS AND PROCEDURAL HISTORY

¶3 OPWA is a public trust, pursuant to 60 O.S.2021, Ch. 4, §§ 176-180.4, https://govt.westlaw.com/okjc (In ch. 4, follow hyperlink titled "Trusts for Furtherance of Public Functions"), that supplies utilities, including a sanitary system and a water treatment plant, for Okay, Oklahoma. The sanitary system services approximately 225 residences. In 2009, OPWA began a sanitary system improvement project with public funds obtained from the Oklahoma Water Resources Board. This project included the replacement and relocation of wastewater sewer lines and the extension of lines from the water treatment plant.

¶4 OPWA expanded the sanitary system improvement project from adjacent land onto the River Valley Mobile Home Community (River Valley), owned by Appellee Vicky Barnett (Barnett). OPWA began excavating on the premises of River Valley without obtaining permission from Barnett or giving notice. OPWA's engineer hired to design the sanitary system improvement project informed OPWA that a new easement was required for the portion of the project on the River Valley premises, but OPWA failed to obtain one.

¶5 As part of the project, OPWA installed a sewer main line across the southern part of the River Valley premises and replaced the private lines servicing the mobile homes with lines tied into OPWA's project. The new wastewater sewer lines installed on the River Valley premises served a convenience store on adjoining property to the east of River Valley. OPWA also installed wastewater sewer lines on the adjoining subdivision to the west of River Valley, which tied into lines that served both River Valley and the convenience store. OPWA obtained public utility easements on the adjoining properties where it installed its wastewater sewer lines.

¶6 The work performed by OPWA caused extensive damage to the River Valley premises near the excavation area. Further, during and upon completion of the project, sewage did not drain properly from the mobile homes. Barnett discovered the lines installed by OPWA had not been properly graded.

¶7 Barnett brought this action against OPWA alleging inverse condemnation for the property taken and damaged by OPWA.

¶8 The Court of Civil Appeals (COCA) reversed the district court's judgment. Construing 60 O.S.Supp.2006, § 176

STANDARD OF REVIEW

¶9 The standard of review for a motion for JNOV is identical to the standard for determining a motion for a directed verdict. 12 O.S.2011, § 698First Nat'l Bank in Durant v. Honey Creek Entm't Corp., 2002 OK 1154 P.3d 100Id. We will not disturb a judgment on appeal unless it is apparent that the district court erred on a pure question of law or acted arbitrarily. Dominion Bank of Middle Tenn. v. Masterson, 1996 OK 99928 P.2d 291

¶10 The issues in this appeal also concern the legal interpretation of Oklahoma's statute regarding the eminent domain powers of a public trust, 60 O.S. Supp.2006, § 176de novo. State ex rel. Protective Health Servs. State Dep't of Health v. Vaughn, 2009 OK 61222 P.3d 1058de novo standard of review, the Court has plenary, independent, and non-deferential authority to determine whether the district court erred in its legal rulings. Id.

DISCUSSION

¶11 OPWA argues that Barnett's inverse condemnation claim fails as a matter of law because (1) OPWA lacked the power of eminent domain over the sanitary system improvement project performed on the River Valley premises and, as a result, OPWA does not own the wastewater sewer lines installed, and (2) the subject project was not for public use. We address each of these arguments in turn.

I. OPWA possessed the power of eminent domain to install wastewater sewer lines as part of the sanitary system improvement project on the River Valley premises.

¶12 The Oklahoma Constitution guarantees that private property will not be taken or damaged for public use without just compensation. Okla. Const. art. 2, § 24. When a governmental entity takes or damages private property without just compensation, a person may bring an inverse condemnation claim. State ex rel. Dep't of Transp. v. Post, 2005 OK 69125 P.3d 1183 Drabek v. City of Norman, 1996 OK 126946 P.2d 658

¶13 When the Court examines a statute, our primary goal is to determine legislative intent through the "plain and ordinary meaning" of the statutory language. In re Initiative Petition No. 397, 2014 OK 23326 P.3d 496Id. A judicial determination of the presence of more than one reasonable construction of the statutory language, i.e., ambiguity, presents a question of law. Id. Oklahoma's statute regarding a public trust's eminent domain power provides in pertinent part:

J. Any public trust created pursuant to the provisions of this section shall have the power to acquire lands by use of eminent domain in the same manner and according to the procedures provided for in Sections 51 through 65 of Title 66 of the Oklahoma Statutes. Any exercise of the power of eminent domain by a public trust pursuant to the provisions of this section shall be limited to the furtherance of public purpose projects involving revenue-producing utility projects of which the public trust retains ownership; provided, for public trusts in which the State of Oklahoma is the beneficiary the exercise of the power of eminent domain may also be used for public purpose projects involving air transportation. Revenue-producing utility projects shall be limited to projects for the transportation, delivery, treatment or furnishing of water for domestic purposes or for power, including, but not limited to, the construction of lakes, pipelines and water treatment plants or for projects for rail transportation.

60 O.S.Supp.2006, § 176Bd. of Cty. Comm'rs of Muskogee Cty. v. Lowery, 2006 OK 31136 P.3d 639

¶14 The plain language of § 176(J) grants public trusts the power of eminent domain for public projects involving the "transportation, delivery, treatment, or furnishing" of one or two separate utilities, i.e., either "power" or "water for domestic purposes."

¶15 OPWA's project involved the construction and installation of pipelines to ultimately transport and deliver wastewater from the River Valley premises and other adjoining premises to OPWA's plant for treatment. Transporting, delivering, treating, and furnishing of water for domestic purposes includes not only the furnishing of water to a household but the transportation of used water from the household to treatment plants. OPWA's project falls squarely within the plain language of § 176(J), which authorizes OPWA to exercise eminent domain over the sanitary system improvement project.

¶16 OPWA argues that it does not have the power of eminent domain over the sanitary systems improvement project performed on River Valley because the Legislature used the term water in § 176(J) and not sewer. The Legislature utilized the generic term water; it did not specify between potable water (water safe to drink or use for food preparation)

¶17 Evidence of the Legislature's intent to allow public trusts to exercise eminent domain over both potable water and wastewater by using the term water is found in 82 O.S.2021, Ch. 14, § 1085.3282 O.S.2021, Ch. 14, § 1085.32

¶18 OPWA contends that the portion of the sanitary system project performed on the River Valley property did not meet the requirements in § 176(J) to exercise eminent domain because OPWA did not retain ownership over the wastewater sewer lines. This Court previously determined that an entity with the power of eminent domain owns the property placed on the land taken in a condemnation suit (or inverse condemnation suit). See Morton v. Okmulgee Producers & Mfrs. Gas Co., 1952 OK 314248 P.2d 1028

II. The installation of wastewater sewer lines on the River Valley premises as part of the sanitary system project was for public use.

¶19 We next examine whether the sanitary system improvement project was for public use as required by 60 O.S.Supp.2006, § 176

¶20 The project involved an improvement to the sanitary system for Okay; the project was not contained within the confines of the River Valley property. OPWA designed and constructed new wastewater sewer lines on River Valley property that included an 8" line running east and west across the southern portion of River Valley that connected and served both the adjoining subdivision to the west and the convenience store east of River Valley. The wastewater line installed to service the convenience store was connected to another line by way of a new manhole constructed on the River Valley property. OPWA's sanitary collection system (which is off-site from River Valley) receives wastewater from River Valley and other properties in Okay, and OPWA's facility treats the wastewater. The evidence presented at trial was that the sanitary system project was a public trust utility project that benefitted the public, the residents of Okay. See, e.g., Lowery, 2006 OK 31

¶21 Our Court has many times considered the needs and interests of the Oklahoma public in our eminent domain cases. Reliable water systems are important to state citizens. Furnishing utilities such as power and water for citizens is so "manifestly public 'that it has seldom been questioned and never denied.'" Tuttle v. Jefferson Power & Imp. Co., 1912 OK 232122 P. 1102Rockingham Cty. Light & Power Co. v. Hobbs, 58 A. 46, 48 (N.H. 1904)). We hold that the installation of wastewater sewer lines on the River Valley premises as part of the sanitary system project was for public use--to improve the system that transports, delivers, treats, and furnishes water for Okay, Oklahoma.

CONCLUSION

¶22 Oklahoma's statute regarding a public trust's eminent domain power grants OPWA eminent domain power over public projects involving the transportation, delivery, treatment, or furnishing of water for domestic purposes. OPWA's sanitary system improvement project involved the construction and installation of pipelines to ultimately transport and treat wastewater, and we hold the project falls squarely within OPWA's power of eminent domain. Accordingly, we vacate COCA's opinion and affirm the district court's judgment.

COURT OF CIVIL APPEALS' OPINION VACATED;
DISTRICT COURT'S JUDGMENT AFFIRMED.

CONCUR: Darby, C.J., Kane, V.C.J., Kauger, Winchester, Edmondson, Gurich, Rowe, and Kuehn, JJ.

DISQUALIFIED: Combs, J.

FOOTNOTES

60 O.S., § 176

82 O.S.2001, § 105.1

See Potable Definition, Merriam Webster, https://www.merriam-webster.com/dictionary/potable (last visited Jan. 6, 2021).

See Wastewater Definition, Merriam Webster, https://www.merriam-webster.com/dictionary/wastewater (last visited Jan. 6, 2021).